SANDERS LUMBER COMPANY *v.* WATKINS ET AL.

[No. 14,515. Filed February 17, 1932. Rehearing denied April 7, 1932.]

*Vitus G. Jones, Roland Obenchain* and *Paul M. Butler,* for appellant.

*Miller Guy,* for appellees.

WOOD, P. J.—One Coleman E. Watkins died November 17, 1930, as the result of an accident, received November 13, 1930, leaving surviving him as his sole and only dependents a widow, a daughter, born November 4, 1913, and a son, born June 21, 1916, the appellees herein.

As dependents of Watkins, they filed an application

with the Industrial Board asking that an order be made directing the appellant to pay to them the remaining portion of an award, approved by the board on July 12, 1929, for an injury received by him April 10, 1929, on which it was alleged there were still 116 weeks to be paid. Also, an application for compensation for the death of Watkins, as the result of an accident arising out of and in the course of his employment by appellant. These two applications were consolidated and tried together.

At the hearing before the single member of the board on April 16, 1931, it was stipulated between the parties, in addition to the death of Watkins and the names of his dependents as above set out, that, on April 9, 1929, while in the employ of appellant, Watkins sustained the loss of the sight of his right eye and disfigurement; that he filed his application with the Industrial Board for award of compensation June 13, 1929; that thereafter Watkins and the appellant entered into an agreement that he should receive compensation at the rate of $11.82 per week for 200 weeks, beginning April 10, 1929, on account of the enucleation of his right eye, 150 weeks for the loss of vision and 50 weeks for disfigurement, which agreement was approved by the Industrial Board July 12, 1929; that appellant paid said compensation to and including October 21, 1930; that, on November 5, 1930, a check was prepared by appellant for four weeks compensation, commencing October 22, 1930, but this check was not delivered to Watkins before his death; that, after his death, no payments were made or tendered to any person on account of the award approved July 12, 1929; that the appellant stood ready and willing to pay the amount of said award from October 21, 1930 to November 17, 1930, the day of Watkins' death; that, at the time of the injury causing his death, Watkins was cutting trees for the appellant;

that his average weekly wage received from this occupation was $22.64; that the hospital, nurse and doctor bills amounted to $68.35, and the funeral expenses exceeded $100. Witnesses testified regarding other circumstances connected with the cause about which the parties did not agree.

At a hearing before the full Industrial Board September 3, 1931, it, in addition to finding the facts substantially as stipulated between the parties, also found the additional facts which we quote: "The Board finds from the evidence that on November 13th, 1930, the said deceased Coleman E. Watkins was in the employ of the defendant at an average weekly wage of $22.64, that on said date the deceased received a personal injury by reason of an accident arising out of and in the course of said employment which resulted in his death November 17th, 1930.

"That the defendant had knowledge of said accidental injury and death at the time; that said accidental injury and death of the deceased Coleman E. Watkins, occurring on November 13th, 1930, was caused by a limb falling from a tree and striking the deceased, and was in no way connected with or related to the injury occurring to the deceased April 9th, 1929, but was separate and distinct therefrom.

"That the said deceased, Coleman E. Watkins, left surviving his widow, Maggie I. Watkins, and his children, Frances M. Watkins, born November 4th, 1913, and Walter K. Watkins, born June 21st, 1916, all of whom were living with the deceased, were his first kin, and wholly dependent on him for support at the time of his death.

"The Board further finds for the plaintiffs upon the defendant's second paragraph of special answer, that, at the time of the accidental injury to the said Coleman E. Watkins on November 13th, 1930, he was the

employee of the defendant and not an independent contractor.

"The Board, therefore, finds that pursuant to the provisions of Section 36 of the Indiana Workmen's Compensation Act in force at the date of plaintiff's accidental injury on April 10th, 1929, and at the time the agreement for compensation therefor was approved on July 12th, 1929, under Section 36 of the Workmen's Act of 1929, in force on May 21st, 1929, the plaintiffs are entitled to an award for 116 weeks, the same being the balance of the compensation due and unpaid under the compensation agreement approved by the Industrial Board on July 12th, 1929, at the rate of $11.82 per week, in equal shares, and under the provisions of Section 37, of the Indiana Workmen's Compensation Act of 1929, approved May 21st, 1929, the plaintiffs are entitled to an award for compensation for 300 weeks at the rate of $12.45 per week, in equal shares."

The award conformed to the findings. From this award, appellant appealed, assigning as error that the award of the full board is contrary to law, and in support thereof, in their brief under "Points and Authorities," counsel for appellants say: "A. The award erroneously makes the 116 weeks of compensation and the 300 weeks of compensation run concurrently or simultaneously rather than consecutively. B. The award erroneously gives a total of 416 weeks compensation, whereas in no event should it exceed 300 weeks. C. The evidence is insufficient to sustain the finding of facts, in that there is no evidence showing that appellees' decedent, Coleman E. Watkins, was in the employ of appellant on November 13th, 1930, when he was fatally hurt."

With these contentions, we cannot agree. The award of compensation made to Watkins on July 12, 1929, for injuries received by him, on which there remained 116

weeks of time unexpired when he died, was an entirely separate and distinct injury from the injury resulting in his death upon which the second award was made. In the absence of §36, Acts 1915 p. 392, *as amended,* which section is substantially re-enacted in "The Indiana Workmen's Compensation Act of 1929" (Acts 1929 p. 536), upon the death of the employee during the running of the period of compensation, the right thereto would terminate. Section 36 of the acts of 1915, *supra,* under which the first award was made, provides that: "When an employee receives or is entitled to compensation under this act for an injury and dies *from any other cause* than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support." (Our italics.) This section of the statute was before this court for construction and application in the case of *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 135 N. E. 665, where the facts in some respects were very similar to the facts in the instant case. After a full and thorough discussion of its purpose and meaning, the court closed its opinion with this statement: "We hold that where an injured employee dies from causes other than the one for which he has been allowed compensation, the next of kin are entitled to an award directing that the unpaid balance of the compensation accruing after the death of the employee be paid to them."

Counsel for appellant say in their brief that inasmuch as the first award was made under the act of 1915, *supra,* as amended, any rights appellees had dependent thereon are lost, because the Compensation Act of 1929, *supra,* repealed the act of 1915, as amended. It is true that, except as therein otherwise provided, the act of 1929 did repeal the act of 1915 and the amendments thereto, but it is expressly

provided in §75 of the act of 1929, which contains the repealing clause of the act, that: "All the rights and duties, now vested in or imposed upon any person by the Indiana workmen's compensation act of 1915 and the amendments thereto, relative to any agreement, claim, award, judgment, report or act growing out of any injury, death, occurrence, or obligation whatsoever existing at the time this act takes effect, may be exercised and shall be performed under the provisions of said act of 1915 and the amendments thereto."

Section 37 of the act of 1929, *supra,* provides that: "When death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death." Section 38 of the act of 1929, *supra,* defines dependents. These two sections of the Indiana Workmen's Compensation Act create in dependents of a workman receiving an injury resulting in his death, which is separate and distinct from an injury for which he may have been receiving compensation at the time of his death, an entirely separate and distinct right to compensation because of such accidental death and is in no way controlled or limited by reason of the fact that §36 gives the same dependents the right to receive the unpaid balance of compensation which the deceased employee may have been receiving by reason of another injury. These two sections of the act of 1929, *supra,* create and provide for the payment of death benefits to certain dependents. In these benefits, the deceased employee never had any interest, for they do not come into existence unless death results from the

injury. Boyd, Workmen's Compensation §510; *In re Cripp* (1914), 216 Mass. 586, 104 N. E. 565, Ann. Cas. 1915B, 828.

We hold that, inasmuch as Watkins died as the result of an injury other than the one for which he was receiving compensation at the time of his death, that his dependents were, under the provisions of §§37 and 38, entitled to an award of compensation for the injury causing his death, and that, under the provision of §36 of the act of 1915, *supra,* they were also entitled to receive the unpaid balance of the compensation which had been awarded to Watkins for the injury received by him previous to the one causing his death. There is no provision in the Workmen's Compensation Act which prevents them from running concurrently.

The Industrial Board found that, at the time of the accident causing Watkins' death, he was in the employ of appellant and was not an independent contractor. There is evidence to support this finding. That this court will not weigh the evidence, and is bound by the finding of the board where there is any competent evidence to support such finding is so well settled that the citation of authorities is unnecessary.

The award of compensation is therefore affirmed.