SINCLAIR REFINING COMPANY *v.* WEST.

[No. 16,986. Filed October 20, 1942.]

*George C. Forrey III,* and *White, Wright & Boleman,* all of Indianapolis, for appellant.

*Ramsey & Grayson,* of Vincennes, for appellee.

DEVOSS, J.—Appellee, Wayne West, filed his application for compensation against appellant, Sinclair Refining Company, alleging that in the performance of his duties for said appellant he was exposed to an occupational disease and that he is afflicted therefrom with "gasoline poisoning—dermatitis—due to gasoline poisoning."

The application was submitted to a single member of the Industrial Board who found that the plaintiff became totally disabled on account of said occupational disease and made an award of compensation to the appellee. Appellant filed its application for review by the full board and upon the hearing, the full board made a finding and award for said appellee. So much of said finding and award as is concerned herein is as follows:

"The Full Industrial Board, having heard the argument of counsel, having reviewed the evidence in the case and being duly advised, finds that the plaintiff Wayne West was in the employ of the defendant Sinclair Refining Co. on the 1st day of March, 1940; that he had been in the employ of the defendant for many years prior thereto; that on March 1, 1940, the plaintiff was exposed to an occupational disease, namely, dermatitis, or gasoline poisoning; that the plaintiff was not disabled at said time but continued in his employment until August 31, 1940, when he was discharged by the company on account of his being allergic to gasoline poison.

"It is further found that the plaintiff contracted an occupational disease by reason of his employment with the defendant and that the occupational disease he contracted was gasoline poisoning or dermatitis caused by gasoline poison; that said occupational disease was caused by gasoline coming in contact with plaintiff's hands and arms and various parts of the body and that said occupational disease was contracted by the plaintiff in the employ of the defendant on or about March 1, 1940.

"It is further found that the plaintiff became totally disabled on account of said occupational disease on August 31, 1940, and that his total disability was continuous from the 31st of August, 1940, to the date of the hearing on December 17, 1941; that he was totally disabled at the time of said hearing.

* * *

## AWARD

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, by the Full Industrial Board of Indiana, that there be awarded to the plaintiff herein, Wayne West, compensation at the rate of $14.60 per week based upon an average weekly wage of $26.34, as against the defendant Sinclair Refining Company, beginning on the 7th day of September, 1940, and continuing during the period of the plaintiff's total disability not exceeding the period fixed by law."

From the award of the full board, appellant prosecuted this appeal and assigns as error that said finding and award of the full board is contrary to law.

It is stipulated and agreed by and between the parties and made a part of the record in this cause, that on or about March 1, 1940, and for over three (3) years prior thereto, appellee was in the employ of the appellant at an average weekly wage of $26.54, and prior to the filing of the application for adjustment of compensation, appellant denied liability.

The record discloses that appellee is forty-one (41) years old and for about five (5) years preceding August 31, 1940, had been in the employ of the appellant at its gasoline and petroleum products bulk station. In the performance of his employment he unloaded gasoline from tank cars, loaded gasoline into trucks and did some warehouse and office work. Sometime after entering this employment, appellee developed a dermatitis or skin eruption which did not result in any disability. In the summer of 1939, an eruption developed on appellee's hands, arms and face for which appellee was treated at intervals from September 24, 1939, to November 10, 1939. This skin eruption was diagnosed by a skin specialist and other doctors as an allergic dermatitis due to contact with gasoline. On November 10, 1939, the dermatitis had entirely cleared up and appellee was dismissed from further treatment. On April 27, 1940, appellee again developed an eruption on his hands and was again treated until June 22, 1940, when the eruption was pronounced as cured. Appellee continued at his regular work until August 31, 1940, when his employment was terminated by appellant because he was allergic to gasoline poison.

During the periods that dermatitis was present, appellee was at all times paid his full salary. The record

further discloses that on August 31, 1940, and at all times thereafter, up to and including the date on which the case was heard before a single member of the Indiana Industrial Board, appellee had not suffered any recurrence of the dermatitis except two small spots that appeared on his hands in June, 1941, which cleared up promptly without disability.

The record further shows that on and at all times since August 31, 1940, appellee was and is mentally and physically able to engage in any kind of employment or occupation without any ill effects provided he is not exposed to gasoline. It is further shown that if he comes in contact with gasoline, he might suffer a dermatitis because he is allergic to gasoline.

Relative to his physical condition, appellee testified as follows:

"It is my contention that my inability to get employment is due to the fact that I am allergic to gasoline, but as far as my bodily functions are concerned, I am all right. It is just a matter of not being able to be around gasoline."

The record further shows that before appellee began working for appellant, he operated a service station, that he was a mechanic and also an inspector for three years at Peoria, Illinois; that he was an inspector for five years at Evansville, and prior to that time he was assistant manager for a poster service company soliciting business and performing clerical work for about three years, and that he had also worked at the First National Bank of Vincennes for about two years, doing bookkeeping and clerical work.

The physician who treated appellee for the skin eruptions testified that the cause of the dermatitis was due to contact with gasoline and that functionally, appellee has a normal body and that he can engage in any other

activity that any other human being can, providing he has the training and equipment and that he is not disabled from following any other occupation except that which exposes him to gasoline and that he will always have the allergy.

It is contended by appellant that there is no evidence to sustain the finding of the Industrial Board that appellee became totally disabled on August 31, 1940, on account of an occupational disease, nor is there any evidence to support the finding that the disability was continuous from August 31, 1940, to the date of the hearing on December 17, 1940.

"The term 'disablement' means the event of becoming disabled from earning full wages at the work in which the employe was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation, or equal wages in other suitable employment, and 'disability' means the state of being so incapacitated." Clause (d), § 5, ch. 69, Acts 1937, § 40-2205, Burns' 1933.

Applying the facts in this case to the above quoted section of the Indiana Workmen's Occupational Diseases Act, we conclude that the finding and award of the full Industrial Board is erroneous. The appellee was not on the 31st day of August, 1940, disabled. The evidence is absolutely to the contrary. It is true that he possibly still has the allergy and that if he comes in contact with gasoline there is a probability of him being afflicted with the dermatitis, but, on said day, he was not so afflicted. Appellee was paid his full wages during all the time he was in the employment of appellant and suffered no disability that caused any loss of time or wages and would not entitle him to be designated as disabled under the Indiana Workmen's Occupational Diseases Act.

We have reviewed the evidence in this cause and while it may be said that the dermatitis from which appellee suffered was contracted by coming in contact with gasoline while working for appellant, yet appellee was not so afflicted on the date of the termination of his employment nor since that date. It is possible that the allergy still exists, but a fair interpretation of this act leads us to the conclusion that a mere allergic condition from which some affliction might develop was not contemplated thereby.

The award is reversed and cause ordered remanded to the Industrial Board for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 44 N. E. (2d) 175.