McGINNIS v. AMERICAN FOUNDRY COMPANY, INC.

[No. 18,957. Filed April 18, 1958. Rehearing denied May 26, 1958. Transfer denied July 10, 1958. Rehearing on petition to transfer denied September 3, 1958.]

*Henry J. Richardson, Jr.,* and *Nola A. Allen,* both of Indianapolis, for appellant.

*James V. Donadio, R. Stanley Lawton, Edward J. Ohleyer* and *Ross, McCord, Ice & Miller* of counsel, all of Indianapolis, for appellee.

KELLEY, C. J.—Appellant is the widow of George Mc-Ginnis, deceased. On January 27, 1955, she filed with the Industrial Board of this state her application Form No. 116 for adjustment of her claim for compensation from appellee, as a dependent of the decedent, who, it was alleged, died as the proximate result of an occupational disease contracted by him in the course of his employment by appellee. The latter filed its answer to said application and alleged therein that the Industrial Board was without jurisdiction in the cause for the reason, inter alia, that decedent's death as a result of an alleged occupational disease, did not occur within one (1) year after the date of disablement. Appellant replied to said answer by denial and by further alleging that after disability and during the running of the "Statute of Limitations" the decedent was "mentally disabled and incompetent" and said "Statute of Limitations" has not run to "bar" the appellant.

The Full Board found, in material substance:

"That as a result of an alleged occupational disease the plaintiff's decedent, . . . became disabled on March 12, 1953 and died on June 23, 1954. . . . that the death of . . ., plaintiff's decedent, did not occur within one year after the date of disablement

as a result of any occupational disease; that at the time of his death no claim whatsoever was pending before the Industrial Board . . . and that no agreement had been filed or a decision rendered fixing a period of disablement in said cause, at the time of his said death.

". . . That during the decedent's period of alleged disablement up to the time of his said death, he was an adult and was not mentally incompetent. . . . that plaintiff's application . . . for the adjustment of claim for compensation . . . should be dismissed for want of jurisdiction."

and entered an order dismissing appellant's application for want of jurisdiction.

Appellant appeals from said award, charging that the same is contrary to law. This attack on the award is predicated upon appellant's contentions that—

1. Decedent was mentally incompetent during the period of his disability and, therefore, under the provisions of Sec. 40-2225 (d), Burns' 1952 Replacement, the "Statute of Limitation," Sec. 40-2225 (c), Burns' 1952 Replacement, did not run against decedent and consequently, his rights to claim compensation were never barred and are available to her as his dependent notwithstanding the provisions of Sec. 40-2205 (f), Burns' 1952 Replacement.

2. Decedent died within a year from the date of his disablement because the date of disablement is the date of diagnosis of the disease whereby it becomes apparent and the employee learns that his disability is the result of an occupational disease.

Appellant also proposes that to bar her claim is a denial of her constitutional rights of due process and equal protection of the law; and that the provisions of the applicable statutes are so rigorous as to call for the interposition of the equitable arm of the court.

It appears from the record that decedent was in the employment of appellee from February 26, 1945 to

March 12, 1953. On the latter mentioned date decedent went home ill and entered the hospital on May 26, 1953, where he remained until his death on June 23, 1954. During the entire period from March 12, 1953 to June 23, 1954 decedent was unable to work at any employment and was disabled from earning full wages at the work at which he had last been engaged for appellee. Decedent filed no claim for compensation and there was no agreement for compensation nor any decision of a claim which was in the process of rehearing, review or appeal at the time of his death. The major portion of the evidence submitted to the Board concerned the physical and mental condition of decedent during the period of his last illness and was given in support of appellant's claim that decedent was mentally incompetent within the meaning of Sec. 40-2225(d), Burns' 1952 Replacement, "almost continuously from the date he last worked for the appellee."

Sec. 40-2205(f), Burns' 1952 Replacement provides:

"No compensation shall be payable for or on account of death resulting from any occupational disease unless death occurs within one (1) year after the date of disablement; Provided, That this paragraph shall not be a bar to compensation for death (a) where death occurs during the pendency of a claim filed by an employee within one (1) year from the date of disablement and which claim has not resulted in a decision or has resulted in a decision which is in process of review or appeal; or (b) where, by agreement filed or decision rendered, a compensable period of disability has been fixed and death occurs within one (1) year after the end of such fixed period, but in no event later than three hundred (300) weeks after the date of disablement. (Acts 1937, ch. 69, Sec. 5, p. 334.)"

and Sec. 40-2205(d), Burns' 1952 Replacement, defines "Disablement" as follows:

"The term 'disablement' means the event of becoming disabled from earning full wages at the

work in which the employee was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation, or equal wages in other suitable employment and 'disability' means the state of being so incapacitated."

Appellant says that the "date of disablement within the meaning of Burns' Sec. 40-2205(d) means 'compensable disablement' which presupposes diagnosis of an occupational disease." There is a letter in evidence in which a statement is made that the staff of the Flower Mission Hospital made "a diagnosis of silico-tuberculosis on December 18, 1953." Appellant contends therefrom that the date of decedent's disablement was December 18, 1953 and, therefore, decedent died within one year from such date of disablement and, consequently, that appellant's claim was not barred by the provisions of said Sec. 40-2205(f), Burns' 1952 Replacement. To render appellant's contention meritorious, would require us to declare that the Board erred in determining that March 12, 1953 was the date on which decedent became disabled.

The Occupational Diseases Act, Sec. 40-2205(d), Burns' 1952 Replacement, has defined the term "disablement" for the purpose of the Act and that definition was adopted by the decedent and appellee and became a part of the contract between them. See *Oberg* v. *D. O. McComb & Sons* (1957), 127 Ind. App. 278, 141 N. E. 2d 135. As we understand her, appellant seems to urge that the test of disablement, for the purpose of ascertaining the date or time of commencement thereof, lies in the *discovery* by the employee of the *nature* or *kind* of the disease afflicting him. However, the test of disablement prescribed by said Sec. 40-2205(d) lies in the *disability to earn full wages* either at the work last engaged in by the employee for the employer from whom compensation is

claimed or at other suitable employment affording equal wages with those paid by said charged employer. In other words, if the employee becomes so far disabled that he cannot work sufficiently to earn the full wages paid for the work in which he was last engaged for the employer liable for the compensation, or is so far disabled that he cannot work sufficiently in other suitable employment offering at least equal wages, said employee has suffered a disablement.

The time or date of such disablement, as provided in the Act, is the "event" of becoming so disabled. An "event" is that which follows from the cause (Gore's Case, 9 Coke 80a, 81b, 77 Reprint 853) and it refers not to futurity but has reference to something that has taken place which, however, is not an event until something happens. It becomes an event when it does happen. (*Thomson* v. *Hayes* (1908), 111 N. Y. S. 495, 497, 59 Misc. 425.) Applying such definition to the wording of the statute now being considered, it seems clear that the event of disablement denotes the time when the happening of the inability of the employee to work and earn full wages occurs. The cause of the disability may be the occupational disease but the time or event of disability, as referred to in the statute, is not the time when the nature or kind of the occupational disease is discovered or made known, but the time or event when the employee becomes unable to earn full wages at the work in which he was last engaged or at other suitable work with equal wages. In the case at hand it is stipulated by the parties that the decedent was unable to work from March 12, 1953 to the time of his death and the Board found that decedent became disabled on March 12, 1953. Such finding conforms to the statutory definition of disablement and is fully supported by uncontradicted evidence in the form of a stipulation of the parties.

The decedent died on June 23, 1954 which was more than one year after his disablement, and the Board so correctly found.

As the Board found and the evidence shows, the decedent's case did not fall within any of the exceptions to the "bar" provided in said Sec. 40-2205 (f), Burns' 1952 Replacement, and, therefore, under said section of the Act, no compensation was payable on account of decedent's death. However, appellant says that the decedent was mentally incompetent during the period of his disability and the one year limitation for the filing by him of a claim for compensation (Sec. 40-2225 (c), Burns' 1952 Replacement) did not run against him and his unexercised right to file a claim became available to her as his dependent.

Said Sec. 40-2225 (d) provides that:

"No limitation of time provided in this act shall run against any person who is mentally incompetent . . ., so long as he had no guardian or trustee."

Appellant reasons that if decedent had not been mentally incompetent he "would have had a claim pending at the time of his death" which she could have pursued as his dependent; and that the tolling provisions of the last aforesaid Sec. 40-2225 (d), by reason of the use therein of the word "act," is not confined to the provisions of Sec. 40-2225 (a) to (c) inclusive, but "relates back" and applies to the aforequoted Sec. 40-2205 (f), so as to authorize her to now prosecute the claim he would have filed had he not been mentally incompetent. The argument, of course, is grounded on several unfounded assumptions. It assumes that the decedent was mentally incompetent during all the time of his disability, notwithstanding the Board found that he was not mentally incompetent. It assumes, also, that the decedent would have filed a claim and that such claim would have been pending at the time of his death.

Upon these assumptions appellant urges in substance that she is "subrogated" to his rights and, as decedent died before the recovery of his mental competency, no limitation of time had run against him nor against her as his substitute.

Our attention has not been directed to, nor are we aware of, any provision of the Act which permits substitution of anyone to prosecute the unexercised rights of a deceased employee. If a claimant deceases during the pendency of a claim which has not been finally determined, it seems contemplated by the Act that such claim may be pursued to ultimate conclusion. But where, for whatever reason, no claim was filed by a claimant prior to his death, we observe no provision authorizing anyone to file a claim for him after his death. Sec. 40-2208 (m), Burns' 1952 Replacement, makes provision for the filing of a claim on behalf of a mentally incompetent employee during his lifetime. Appellant offers no reason for the failure to take advantage of such provision.

The limitation expressed in the first sentence, being that part preceding the word "Provided," of said Sec. 40-2205 (f), by the very nature of the subject matter thereof, is not a limitation on any right of the employee nor of any right of his dependent. It makes no reference to the rights of anyone and prescribes no limitation upon the rights of anyone. It creates a condition in cases where death has resulted from an occupational disease, upon which the payment of compensation for such death is dependent. The condition created by the section referred to is that the death of the disabled employee must occur within one year after the date of disablement. In the absence of a pending undecided claim by the disabled employee at the time of his death or a decision thereon in process of review or appeal at such time, or the occurrence of

his death within one year after the end of a compensable period fixed by agreement filed or decision rendered, said section of the statute provides no exceptions to the imperative condition that unless the death of the disabled employee occurs within one year after the date of disablement, no compensation shall be payable. Unless one of the exceptions declared in proviso (a) or (b) of said section exists at the time of the death of the disabled employee, the condition that his death occur within one year after date of disablement appears absolute and is essential to the granting of any award for the payment of compensation.

The Board found that during the period of decedent's disablement he was not mentally incompetent. Appellant says that such finding was not sustained by the evidence. Although we have examined the evidence and find it ample to support the Board's finding, yet it seems immaterial to here dwell upon it because the decedent's death occurred more than one year after the date of his disablement, without the presence of any of the exceptions mentioned in said Sec. 40-2205 (f), and the condition provided for in said section precluded the payment of compensation. The fact of decedent's mental competency or incompetency would not obviate the bar of the condition.

Appellant urges that to deny her compensation would deprive her of property without due process of law and deny her equal protection of the laws. We do not think that appellant is in any position to urge said contention. The employer and employee have the right to elect whether they shall be bound by the provisions of the Occupational Diseases Act. Secs. 40-2203 and 40-2204, Burns' 1952 Replacement. In the instant case no question is made that the decedent and appellee did not so elect. By such election the rights and duties provided for in the Occupational

Diseases Act become contractual, that is, such rights and duties "adhere to and must of necessity spring out of contract." *Calkins* v. *Service Spring Co.* (1937), 103 Ind. App. 257, 262, 7 N. E. 2d 54. In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, the Supreme Court considered, among other questions, the question of whether the Workmen's Compensation Act abrogated the constitutional right to trial by jury. The court said:

> ". . . We think not. In the first place, the rights and duties provided for in the Compensation Act are contractual in character, that is to say, they arise out of the voluntary acceptance of the terms thereof on the part of the employer and the employee. . . . Having elected to be bound by the act, *a party is in no position to complain* that his right to a jury trial is no longer available to him. . . ." (Our italics.)

Similarly so in the present case. Any liability of the appellee for the payment of compensation to appellant as a dependent of the decedent, "must of necessity spring out of (the) contract" between appellee and decedent. The appellant is also bound by that contract and, being so bound, any rights she may assert arise therefrom and she is in no position to complain that the provisions of the Act agreed upon deprive her of constitutional rights. Further, we think that Sec. 40-2208 (m), Burns' 1952 Replacement, heretofore referred to and hereinafter quoted, is a complete answer to appellant's asserted grounds of unconstitutionality of the complained of provisions of the Act. Said section afforded decedent and appellant an avenue for the filing of a claim during decedent's life. The failure to follow it, as appears in this case, effectively disposes of any claim of denial of due process of law and deprivation of equal rights.

Upon the present record appellant's request for the invocation of the equitable powers of this court is

without appeal. Among other matters, it may be noted that even if the decedent was in fact mentally incompetent, as claimed by appellant, neither she nor the decedent pursued the remedy provided by the Act for just such cases. Sec. 40-2208 (m), Burns' 1952 Replacement, hereinbefore referred to, provides as follows:

> "If an employee, or a dependent, is mentally incompetent, . . . at the time when any right, or privilege accrues to him under this act, the guardian or trustee may, *in his behalf, claim and exercise* such right or privilege." (Our emphasis.)

It would seem a simple matter to have secured the appointment of a guardian for the purpose of filing and prosecuting a claim on behalf of decedent within the time limitation provided in the Act. The failure to pursue such right granted by the Act forecloses any consideration of equitable assistance.

In our opinion, the appellant has failed to establish that the order or award of the Board dismissing her application for want of jurisdiction is contrary to law. The same is, therefore, hereby affirmed.

NOTE.—Reported in 149 N. E. 2d 309.