SNYDER CONSTRUCTION CO., INC. *v.* THOMPSON.

[No. 1068A170. Filed June 30, 1969. No petition for rehearing filed.]

*Robert P. Doolittle, Jr., Emison & Emison,* of Vincennes, for appellant.

*Paul B. Ledford, Hart, Ledford & Bell,* of Vincennes, for appellee.

PFAFF, C.J.—Our attention is directed to the following singular issue presented in this appeal: May a dependent of a deceased employee maintain a separate action for benefits under the Indiana Workmen's Compensation Act when the claim for benefits was not pending or when an award was not being disbursed at the time of the employee's death from causes unrelated to his compensable injury?

The Full Industrial Board concluded that the dependent herein, appellee Rachel E. Thompson, was entitled to compensation within the issue as above stated. We are in accord with the ruling of the Industrial Board.

Our conclusion is that the holding of the Industrial Board is not a departure from past decisions of this court interpreting § 36 of the Workmen's Compensation Act, the same being Acts 1929, ch. 172, § 36, p. 536, as last amended by Acts 1951, ch. 294, § 4, p. 943, § 40-1401, Burns' 1965 Replacement. Simply stated, this precise question has never before confronted this court and any implication of past decisions construing § 36, seemingly affecting our result herein, must be said to be unrelated to the interpretation rendered in this direct confrontation with this precise question under the act.

In order to dispell any doubts as to prior expressions of the law which appear to be inconsistent with the result of this case, we shall recite and attempt to distinguish these earlier

cases from which, admittedly, the contrary implication could arise.

Section 40-1401, *supra,* expressly states as follows:

"Death not caused by injury—Payment of balance to dependents.—When an employee has been awarded or is entitled to an award of compensation for a definite period under this act [§§ 40-1201—40-1414, 40-1505—40-1704] for an injury occurring prior to April 1, 1945 and dies from any other cause than such injury, payment of the unpaid balance of such compensation, not exceeding three hundred [300] weeks, shall be made to his dependents as defined in section 38 [40-1403] hereof; provided that where the compensable injury occurred on and after April 1, 1945, and prior to April 1, 1951, the maximum shall not exceed three hundred and fifty [350] weeks. With respect to any such injury occurring on and after April 1, 1951, the maximum shall not exceed three hundred and fifty [350] weeks for dependents of the second or third class and the maximum shall not exceed five hundred [500] for dependents of the first class. [Acts 1929, ch. 172, § 36, p. 536; 1945, ch. 188, § 5, p. 580; 1951, ch. 294, § 4, p. 943.]"[1]

The original Acts of 1915, ch. 106, § 36, p. 392, which were repealed by Acts of 1929, *supra,* contained a similar provision:

"When an employee receives or is entitled to compensation under this act for an injury, and dies from any other cause than the injury for which he was entitled to compensation, payment of the unpaid balance of compensation shall be made to his next of kin dependent upon him for support."

Although this section has been amended three times by the Indiana General Assembly, the substance of the section at issue here has been retained in relatively the same phraseology as originally enacted. Specifically, we refer to the following language contained in § 40-1401, *supra:*

[1] "Amendments. The 1945 amendment inserted in the first sentence 'occurring prior to April 1, 1945' and added the words 'provided that where the compensable injury occurred on and after April 1, 1945, the maximum shall not exceed three hundred and fifty [350] weeks.'

"The 1951 amendment inserted in the proviso the words 'and prior to April 1, 1951' and added the last sentence."

"When an employee has been awarded or is entitled to an award of compensation for a definite period under this act * * * for an injury * * * and dies from any other ■ cause than such injury, payment of the unpaid balance of such compensation, * * * shall be made to his dependents * * *."

Since 1915, the year of enactment of the entire Workmen's Compensation Act, four Appellate Court decisions have interpreted this language.

In the case of *Wenning* v. *Turk* (1921), 78 Ind. App. 355, 135 N. E. 665, this court decided the question of whether a dependent was entitled to be awarded benefits under § 36 of the Workmen's Compensation Act after the death of the injured employee from causes unrelated to his injury. In this case benefits had been awarded and paid until the time of death of the employee, under an argument entered into by and between the employer and the injured employee. Upon death of the employee, the employer refused to continue payment. This court held "the next of kin are entitled to an award directing that the unpaid balance of the compensation accruing after the death of the employee be paid to them."

In *Sanders Lumber Co.* v. *Watkins* (1932), 94 Ind. App. 276, 179 N. E. 919 this court was confronted with a fact situation very similar to that of the *Wenning* case, *supra*. The employee died from causes unrelated to employment, and at the time of death he was receiving compensation from an award because of a prior compensable injury. This court held that the employee's dependents were entitled to continue receiving compensation under the agreement between the deceased employee and the employer made subsequent to the first compensable injury, and, further, that the dependents were to be compensated for the injury that caused the employee's death. The importance of this decision is seen in the rule announced therein, to-wit: that two awards under the act may run concurrently. That portion of the opinion which deals specifically with § 36 of the act followed the holding of *Wen-*

*ning* v. *Turk, supra,* citing the same portion thereof as we have done in this opinion.

In *Weber Milk Co.* v. *Dunn* (1940), 108 Ind. App. 463, 29 N. E. 2d 797, the deceased was injured in the course of his employment, and for a time thereafter received an award for temporary total disability. The employee died from self-inflicted injuries during the time an application for review of his claim, alleging change of condition and permanent partial impairment, was on file with the Industrial Board. At page 466, this court stated its interpretation of § 36 as follows:

> "It would seem clear from a reading of the above statute that the Legislature intended that some one should prosecute the claim if the injured employee died from causes other than the injury and left pending a claim for an award to which he was entitled. This right to collect compensation which he had inures by virtue of this statute to his dependent widow and it is clear that she, by virtue of the right conferred upon her, is entitled to prosecute this claim. Any other interpretation would render the above statute meaningless."

This decision, however, does not contain language which would solely limit compensation to a situation in which there is a pending claim.

The case of *Federal Cement & Tile Co.* v. *Pruitt, Admrx.* (1957), 128 Ind. App. 126, 146 N. E. 2d 557, did not primarily concern the effect of or an interpretation of § 36, although the section was recited therein. The deceased employee received compensation for an injury to his finger and later died from causes unrelated to his compensable injury. Prior to his death no additional compensation agreement was instituted and no claim for additional relief was ever filed with the Industrial Board. The administratrix filed a claim for additional benefits after death, which was upheld by the Full Industrial Board. This court, in reversing the award, held that the Industrial Board had no statutory authority to award the administratrix compensation in the absence of any evidence

of surviving dependents as defined under the act. Reversal was not founded upon the time or manner in which the claim for additional compensation was made.

The case of *McGinnis* v. *Amer. Foundry Co., Inc.* (1958), 128 Ind. App. 660, 149 N. E. 2d 309, involved the interpretation of certain provisions of the Indiana Occupational Diseases Act. The Industrial Board's dismissal for lack of jurisdiction was affirmed by this court. The employee died from causes related to an injury received in the course of employment, but failed to file a claim prior to the time of death, which was over one year after he became disabled. The rationale was as follows:

"Sec. 40-2205(f), Burns' 1952 Replacement provides:

" 'No compensation shall be payable for or on account of death resulting from any occupational disease unless death occurs within one (1) year after the date of disablement; Provided, That this paragraph shall not be a bar to compensation for death (a) where death occurs during the pendency of a claim filed by an employee within one (1) year from the date of disablement and which claim has not resulted in a decision or has resulted in a decision which is in process of review or appeal; or (b), where, by agreement filed or decision rendered, a compensable period of disability has been fixed and death occurs within one (1) year after the end of such fixed period, but in no event later than three hundred (300) weeks after the date of disablement. (Acts 1937, ch. 69, Sec. 5, p. 334)'

\* \* \* \* \*

"The limitation expressed in the first sentence, being that part preceding the word 'Provided,' of said Sec. 40-2205(f), by the very nature of the subject matter thereof, is not a limitation on any right of the employee nor of any right of his dependent. It makes no reference to the rights of anyone and prescribes no limitation upon the rights of anyone. It creates a condition in cases where death has resulted from an occupational disease, upon which the payment of compensation for such death is dependent. The condition created by the section referred to is that the death of the disabled employee must occur within one year after the date of disablement. In the absence of a pending undecided claim by the disabled employee at the time of his

death or a decision thereon in process of review or appeal at such time, or the occurrence of his death within one year after the end of a compensable period fixed by agreement filed or decision rendered, said section of the statute provides no exceptions to the imperative condition that unless the death of the disabled employee occurs within one year after the date of disablement, no compensation shall be payable."

It is apparent neither the *McGinnis* case, *supra,* nor the statute quoted therein are applicable to the issue in this appeal. The question presented in this appeal requires an interpretation of § 36 of the Workmen's Compensation Act, and this particular section has no counterpart in the Occupational Diseases Act under consideration in the *McGinnis* case, *supra.* Therefore, the necessity of a pending claim so as to defeat the one-year statute of limitations of the Occupational Diseases Act is not as significant to this proceeding as appellant would have us believe. The Workmen's Compensation Act and the Occupational Diseases Act contain separate and distinct provisions, and it is well settled that a legal interpretation of one act cannot force a similar conclusion when a different act with different provisions is under consideration. In fact, as we have previously stated, none of the decisions cited by appellant, nor those which we, in our own research, can discover, lead to a solution of the question herein. Therefore, we shall look to the statute itself for justification of our conclusion.

It has been said that the statutory language, "payment of the unpaid balance of such compensation," prohibits continuing payments after death unless an award was made prior to death. We do not agree. *Weber Milk Co.* v. *Dunn, supra,* surpassed this limitation by stating that compensation could continue if the claim was pending when the employee died from causes unrelated to his injury. We note that the *Weber* case did not impose the limitation that there must be a pending claim if compensation is to be awarded under § 40-1401, *supra.* Our interpretation of the statute is unencumbered in

that the award may be made if the deceased employee is entitled to an award under all the relevant provisions of the act. Furthermore, § 36 contains this precise language:

"When an employee has been awarded *or is entitled to an award of compensation* for a definite period under this act * * *." (Emphasis supplied.)

In order to dispel any argument that this opinion will serve to promote spurious claims, we believe it necessary to recite the facts of this case, which are as follows:

The decedent, Peter Thompson, was injured in the course of his employment on July 12, 1965, and received compensation for the payment of medical and hospital expenses, as well as $45.00 per week for forty-three weeks for temporary total disability. On July 20, 1966, the decedent died from causes other than injuries received in the accident for which he was compensated. On December 19, 1966, appellee, Rachel E. Thompson, instituted a claim in her own name and as the decedent's sole dependent, for her deceased husband's permanent partial impairment. The alleged condition of permanent partial impairment was substantiated by the expert testimony of a neurological surgeon. Prior to death the decedent had not filed a claim for permanent partial impairment, nor had the decedent and his employer entered into an agreement by which the decedent was to be compensated for permanent partial impairment. It was only after death that the dependent-appellee, Rachel E. Thompson, filed a Form 10 application with the Industrial Board, asking for compensation for permanent partial impairment which was shown to have existed at the time of her husband's death. The Full Industrial Board, on the evidence submitted, found that at the time of death, the deceased emlpoyee's injury of July 12, 1965, had reached a permanent and quiescent state and that the decedent had sustained forty percent permanent partial impairment of the body as a whole as a result of the accidental injury.

We reiterate that if, under the applicable provisions of the Indiana Workmen's Compensation Act, the employee is otherwise entitled to compensation, then, notwithstanding the fact the employee, prior to death, had not filed a claim or had not entered into an agreement with his employer, or had not received an award of partial compensation, § 36 will not operate to preclude a dependent from receiving compensation.

Therefore, a dependent may institute an independent claim for workmen's compensation in the event the deceased employee dies from causes unrelated to a compensable injury, if the employee is otherwise entitled to receive compensation under the act. Further, a dependent's right to compensation is not dependent upon the initiation of a claim for compensation by the injured employee prior to his death. The statute so provides.

For the reasons stated herein, the award of the Full Industrial Board is hereby affirmed.

The costs of this action are to be assessed against appellant.

Hoffman, Sharp and White, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 560.