William Pete CASPER, Appellant–Plaintiff,

v.

L.E. ISLEY & SONS, INC., Appellee–Defendant.

No. 93A02–0702–EX–179.

Court of Appeals of Indiana.

Nov. 20, 2007.

Linda George, W. Russell Sipes, Aaron T. Milewski, George & Sipes, Indianapolis, IN, Attorneys for Appellant.

Michael Patrick Dugan, Sally A. Voland Dugan Voland & Meagher, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Janet Casper, on behalf of the estate of William Pete Casper ("the Estate"), appeals the order of the Full Worker's Compensation Board of Indiana ("the Board") dismissing the Estate's claim against Casper's former employer, L.E. Isley & Sons, Inc. ("Isley"). The Estate raises one issue, which we revise and restate as whether the Board's dismissal of the Estate's application for worker's compensation pursuant to Ind.Code § 22–3–7–36(b) was premature. We affirm.

The relevant facts follow. Casper was employed by Isley from 1961 until January 2005, when he was diagnosed with mesothelioma, which results from exposure to asbestos. On March 1, 2005, he filed an Application for Adjustment of Claim with the Board. On March 7, 2005, he filed suit in Marion County Superior Court against multiple defendants who he alleged were responsible for his exposure to asbestos. Casper died from mesothelioma on October 26, 2005.

The Estate settled its claims with some of the defendants in November 2005. It then filed with the Board a Motion for a Finding of Bad Faith on the Part of Isley and/or Isley's Insurance Carrier. On March 16, 2006, Isley filed a motion to dismiss the Estate's Application for Adjustment of Claim. After a hearing held on May 16, 2006, the Single Hearing Member entered the following findings of fact and conclusions thereon:

### STIPULATIONS

The parties stipulated and agreed to the following set of operative facts:

1. That [the Estate] has heretofore engaged in civil litigation against multiple third party defendants and that said litigation has been resolved to the effect that in some cases the defendants were dismissed with prejudice without payment of the settlement funds and in other cases the employee settled for sums of money, which sums of money are unknown quantitatively, but it is agreed that the sums of money are far in excess of any potential liability that the employer would have in this matter, including any impairment, disability, attorney fees, and medical benefits, and, additionally, including any attorney fees pursuant to the bad faith claim asserted by the employee in these proceedings.

2. It was further stipulated and agreed that there are a number of potential claims upwards to as many as twenty that [the Estate] may be able to assert in the future against third party defendants who are now in bankruptcy court and said claims, if asserted, would be asserted against trusts set up by the trustee in bankruptcy court.

3. It was further stipulated and agreed that the time period within which this trust would be set up and claims asserted and finalized could take as long as six to seven years or it could be done in two years. It's unknown at this point in time.

4. It was further stipulated and agreed that there are claims currently filed and pending against bankruptcy trusts.

5. It was further stipulated and agreed that any and all settlements heretofore entered into by and between [the Estate] and the third party defendants were entered into without

either the knowledge and/or consent of [Isley].

6. It was further stipulated and agreed that by and between the parties that, at no time, has [Isley] paid to [the Estate] compensation as a result of the alleged disease caused by [Isley].

7. It was further stipulated and agreed that this set of operative facts will be controlling as to the motion to dismiss filed by [Isley] in proceedings before this Board today.

### ISSUES

Issues for determination by the Worker's Compensation Board of Indiana on this date are those issues set out in the following pleadings filed with the Board.

1. [Isley's] Motion to Dismiss [the Estate's] Application for Adjustment of Claim filed March 16, 2006.

2. [Isley's] Response To And Motion For Dismissal Of [the Estate's] Petition For Finding Of Bad Faith And Lack Of Due Diligence filed March 16, 2006.

3. [The Estate's] Response In Opposition To [Isley's] Motion To Dismiss [the Estate's] Application For Adjustment Of Claim And [Isley's] Response To And Motion For Dismissal Of [the Estate's] Petition For Finding Of Bad Faith And Lack Of Due Diligence filed March 24, 2006.

4. [Isley's] Second Response To And Motion For Dismissal Of [the Estate's] Claim And Petition For Finding Of Bad Faith And Lack Of Due Diligence filed April 4, 2006.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Said Hearing Judge, having heard arguments of counsel, the stipulation of the parties, and having reviewed the entire file and being duly advised in the premises therein, now finds:

1. That the parties' stipulated and agreed set of operative facts are hereby binding upon the Single Hearing Member and shall control the determination of the issues now before the Board.

2. It is further found that there has been no determination by the Worker's Compensation Board that [Isley] is obligated to pay compensation or benefits as a result of injuries or disease which [the Estate] alleges to have been caused by [Isley].

3. It is further found that pursuant to the stipulation, and pursuant to the matter of the Indiana Supreme Court decision of *DePuy, Inc. v. Anthony Farmer*[, 847 N.E.2d 160 (Ind. 2006)] issued on May 17, 2006, wherein the Supreme Court determined that if an employer's obligation to pay compensation to an employee has not yet been determined as of the date that an employee accepts a settlement and/or judgment from a third party tort-feasor, then the employer is deemed to be a subrogee as to any sums collected by the employee as against any sums the employer is eventually found to be liable to the employee pursuant to the Worker's Compensation Act.

4. It is further found that in this particular case, because the sums of money collected by [the Estate] from third party tort-feasors far exceeds any amount that [Isley] may hereafter be liable to pay to [the Estate], as set forth in the stipulation, and as a result the credit to [Isley] nullifies any obligation of [Is-

ley] to provide compensation and/or benefits to [the Estate], then the continuation of this case has no beneficial value to [the Estate] and it thereby becomes a waste of judicial time and effort to adjudicate this case to a conclusion.

5. It is further found and concluded that for all the above and foregoing reasons this matter should be dismissed.

### ORDER

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Worker's Compensation Board of Indiana that this matter should be and hereby is dismissed.

\*    \*    \*    \*    \*    \*

Appellant's Appendix at 8–11. The Estate filed an Application for Review by the Full Board, which, by a 7–1 majority, affirmed the Single Hearing Member's decision.[1]

■■■ The sole issue is whether the Board's dismissal of the Estate's application for worker's compensation pursuant to Ind.Code § 22–3–7–36(b), a provision of the Occupational Disease Act ("ODA") releasing employers from liability, was premature. The parties stipulated the facts involved in this matter. The issues presented on appeal require us to interpret the ODA, which is part of the worker's compensation scheme. More than twenty years after introduction of the Worker's Compensation Act ("WCA"), our General Assembly enacted the ODA, Ind.Code § 22–3–7, in order to protect employees by providing compensation, without regard to fault, for those who contracted occupation-

al diseases which were generally not covered under the WCA. *Roberts v. ACandS, Inc.*, 806 N.E.2d 1, 3 (Ind.Ct.App.2004) (citing *Spaulding v. Int'l Bakers Servs., Inc.*, 550 N.E.2d 307, 309 (Ind.1990)). By authorizing compensation for certain diseases not caused by an employer's negligence, the ODA created new rights and remedies previously unrecognized by our common law. *Id.* (citing *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1275 (Ind.1994)). As with interpretation of provisions of the WCA, the provisions of the ODA should be liberally construed in favor of the employee to effectuate its humane purpose. *Id.* Further, where, as here, the facts are not in dispute and the matter for our review is primarily a legal question, we do not grant the same degree of deference to the Board's decision as we would if the issue were of fact, because law is the province of the judiciary and our constitutional system empowers the courts to draw legal conclusions. *Id.* (citing *Walker v. State, Muscatatuck State Dev. Ctr.*, 694 N.E.2d 258, 266 (Ind.1998)).

■■■ While the ODA permits employees to seek worker's compensation benefits as well as to seek recovery from third parties, it also contains provisions to further the general policy prohibiting an employee from obtaining a "double recovery" for his injury. *Id.* Under the ODA, this policy is fostered in part by the subrogation provision found in Ind.Code § 22–3–7–36(a) and in the limitation on an employer's liability, which is found in Ind.Code § 22–3–7–36(b). *Id.* at 4 (footnote omitted).

Ind.Code § 22–3–7–36(b) provides:

In the event such employee [2] . . ., not having received compensation or medi-

---

**1.** The parties first raised Ind.Code § 22–3–7–36 in their briefs to the Full Board.

**2.** "Such employee" refers to someone who is entitled to compensation under the ODA and

for whose injury a third party may have a legal liability to pay damages. *See* Ind.Code § 22–3–7–36(a).

cal, surgical, hospital, or nurse's services and supplies or death benefits, or such employer's occupational disease insurance carrier, *shall procure a judgment against such other party* for disablement or death from an occupational disease arising out of and in the course of the employment, *which judgment is paid, or if settlement is made* with such other person, either with or without suit, *then the employer or such employer's occupational disease insurance carrier shall have no liability* for payment of compensation or for payment of medical, surgical, hospital, or nurse's services and supplies or death benefits *whatsoever* . . . .

(Emphasis added). The Estate relies on *Roberts v. ACandS, Inc.,* 806 N.E.2d 1 (Ind.Ct.App.2004), for the proposition that, under the statute, "an employee is not barred from seeking worker's compensation benefits until his third party claim is fully concluded by settlement against all persons legally liable, or by judgement [sic] paid and accepted." Appellant's Brief at 4. The Estate intends to seek compensation from trusts established by third parties not named in the original complaint because they had filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code. Thus, argues the Estate, its claim is not "fully concluded." We disagree.

In *Roberts,* we held that Ind.Code § 22–3–7–36(b) "requires that a settlement be reached or a judgment be rendered *and paid* before the employer's liability for compensation terminates." 806 N.E.2d at 6. Because there was no evidence before the Board that Roberts's judgment against the third parties had been paid and was therefore "fully concluded," we held that the Board's dismissal of Roberts's Application for worker's compensation benefits was premature. *Id.* Here, however, the parties have stipulated that the Estate has received no worker's compensation, that its civil litigation against "multiple third party defendants ... has been resolved," and that it has "settled for sums of money ... far in excess of any potential liability that the employer would have in this matter." Appellant's Appendix at 8. Thus, the statutory conditions have been met to release Isley of any liability "for payment of compensation or for payment of medical, surgical, hospital, or nurse's services and supplies or death benefits *whatsoever.*" Ind.Code § 22–3–7–36(b). The Board's dismissal of the Estate's claim was therefore not premature.

The Estate also argues, contrary to the Board's order, that continuation of its application would provide "beneficial value" because the Estate is entitled to attorney fees under Ind.Code § 22–3–7–36(h). Appellant's Brief at 13. It argues further that, because its attorney fees have already been paid according to the terms of its settlements with third party defendants, "the full benefit of any payment [of attorney fees] by Isley would flow directly to Ms. Casper." *Id.*

Ind.Code § 22–3–7–36(h) provides that:

If the employer does not join in the action within ninety (90) days after receipt of the notice, then *out of any actual money reimbursement received by the employer* or such employer's occupational disease insurance carrier pursuant to this section, they shall pay their pro rata share of all costs and reasonably necessary expenses in connection with such third party claim, action, or suit, and to the attorney at law selected by the employee or the employee's dependents, a fee of twenty-five percent (25%), if collected without trial, of the amount of benefits after the expenses and costs in connection with such third party claim have been deducted therefrom, and a fee of thirty-three and one-third percent (33

1/3%), if collected after trial, of the amount of such benefits after deduction of the costs and reasonably necessary expenses in connection with such third party claim, action, or suit.

(Emphasis added). We note that Ind. Code § 22–3–7–36(a) provides for the however, falls under Ind.Code § 22–3–7–36(b), which addresses employers who have paid no compensation. Because the Estate received no compensation from Isley, it has nothing to reimburse. Thus, the section providing for the withholding of attorney fees from "actual money reimbursement" does not apply to this case, and we agree with the Board that continuation of the Estate's claim would be of no value to it. Ind.Code § 22–3–7–36(h).

For the foregoing reasons, we affirm the Board's grant of Isley's motion to dismiss.

Affirmed.

RILEY, J. and FRIEDLANDER, J. concur.