## HAMILTON S. PECK v. E. HENRY POWELL.

*The City Court of Burlington not a Municipal Court within No. 37, Acts of 1888. Mandamus to State Auditor.*

1, The charter of the city of Burlington provides that the judge of its City Court shall receive double the fees allowed justices of the peace. No. 37, s. 2, Acts of 1888, provides that for taking the disclosure of persons found guilty of intoxication justices of the peace and Municipal Courts shall receive one dollar and fifty cents. *Held*, that the City Court of Burlington is not a Municipal Court within the act, but that its judge is entitled to double the fee allowed justices.

2. A writ of mandamus will be granted to compel the payment of such fee by the State Auditor. R. L. s. 221, providing for an application to the General Assembly, does not furnish an adequate, specific remedy, and none other is suggested.

This was a petition by Hamilton S. Peck, judge of the City Court of the city of Burlington, praying for a writ of mandamus to compel E. Henry Powell, State Auditor, to allow and pay the petitioner certain fees. The petitionee claimed that the fees in question did not of right belong to the petitioner, and that, if they did, mandamus was not the proper remedy. The petition was returnable to and heard at the January Term, 1890, of the Chittenden County Supreme Court upon petition and answer. The questions involved sufficiently appear in the opinion.

*Hamilton S. Peck, pro se.*

In this State, the Legislature has at different times created "Municipal" Courts. It also created for the city of Burlington a "City Court." When the Legislature in 1888 used the words "Municipal Court," it intended them in the sense they had been previously employed and not to include the "City Court."

The act of 1888 does not in terms modify or repeal the act incorporating the city of Burlington. A general law should not be so construed as to repeal a special law when this can be avoided. *Haukins* v. *Mayor*, 64 N. Y. 21 ; *Hume* v. *Gassett*,

43 Ill. 297, cited in 4 Wait's Actions and Defenses, s. 2, p. 600; 1 Dillon Mun. Corp. (2d Ed.), c. 5, s. 54, and notes and cases therein cited; *State* v. *Branin*, 23 N. J. 484; *Ide* v. *Story*, 47 Vt. 63; *French* v. *Holt*, 57 Vt. 191.

The charter of Burlington is a contract which the State cannot modify in this respect.

*E. Henry Powell, pro se.*

The term Municipal Court includes the City Court of Burlington. There is no reason to suppose that the Legislature intended to leave that court to stand alone in the matter of these fees.

The writ of mandamus will not issue when there is any other remedy. *In re* White River Bank, 23 Vt. 478; *Bradish* v. *Redway*, 35 Vt. 424; *Free Press* v. *Nichols*, 45 Vt. 7; *Sabine* v. *Rounds*, 50 Vt. 74; Mandamus, Bouvier's Dictionary; R. L. s. 221.

R. L. s. 221 provides a specific and exclusive remedy in a case like the present.

The opinion of the court was delivered by.

TAFT, J. The petitioner is judge of the city court of the city of Burlington. The petitionee is state auditor. It is provided by section 2, No. 37, Acts of 1888, that in prosecutions for intoxication where the disclosure of the respondent is taken the *justice* or *municipal court*, before whom the prosecution is pending, shall be entitled to a fee of one dollar and fifty cents for " taking disclosure." The city court has jurisdiction of such cases, and the petitionee as state auditor has allowed the petitioner as city judge, for such service, in each case, the sum of one and fifty one-hundredths dollars and refuses to allow three dollars. The petitioner contends that he is entitled to the latter sum, for that the charter granted the city, under which the court is constituted, provides that, "in all cases * * * * before the city court, the city judge shall be entitled to tax and receive

Peck *v.* Powell.

double the costs allowed by law to justices of the peace in suits or prosecutions before justices of the peace." Courts have been established in different places in the state, styled municipal courts, and the judges thereof, municipal judges. The petitionee insists that the term *municipal* in the act of 1888 is descriptive of, and applies to all inferior courts of towns and cities, and so includes the city court of Burlington. There would be more force to this claim were there no municipal courts by name. Then to give the word municipal any effect, there being no other consideration, it might be necessary to give it the broader meaning and to apply it to all inferior courts of our municipal organizations, there being none distinctively of the name municipal to which it could be applied, and nothing in the act to indicate that one class of the inferior courts instead of another, was intended. Of the inferior courts of the State there are *justice, municipal,* and *city* courts, and we think when an act contains a provision relating to a municipal court, referring to it in express terms by the name municipal, it means one distinctively of that name and nothing more. Any other construction would lead to confusion and bring the matter of the jurisdiction of the lesser courts into great uncertainty. It has been frequently held that special laws conferring particular rights upon municipal corporations are not repealed by subsequent statutes, general in character. This rule obtains unless there is an express repealing clause abrogating all inconsistent acts or parts of acts. 1 Dill. Mun. Cor. (2d Ed.) s. 54, note 1; 4 Wait Act. and Def. 600. In some instances for greater precaution the Legislature has provided that statutes of a general nature " shall not be so construed as to conflict with the acts of incorporation of, or laws specially applicable to, cities." R. L. s. 19. For the reasons stated, the petitioner is entitled to the fee mentioned in the charter, i. e., double the amount allowed to a justice of the peace for the same service. Under s. 224, it is the duty of the auditor to audit all accounts that arise out of the prosecutions of crime. The petitioner has established a clear legal right to the sums demanded, and that it was the duty of

Peck *v.* Powell.

the auditor to allow them.    Has he any other specific, adequate remedy?    None is suggested unless it be an application to the General Assembly under R. L. s. 221.    Whether the latter section has any reference to the accounts  that it is the duty of the auditor  to allow under  s. 224, is doubtful; if it has, we do not think an application to the Legislature such an adequate, specific remedy as is contemplated by the decisions.    The Legislature is under no obligation to allow the claim, if just; nor even to consider it.    The petitioner having established a clear legal right to the fees in question, and that it is the duty of  the auditor  to  allow  them, and the court holding that he has no other adequate, specific remedy,

*It is  adjudged  that  a  writ  of mandamus issue as prayed for in the petition, and that the petitioner recover his costs.*