STATE, EX REL. BAKER *v.* GRANGE ET AL.

[No. 25,335.   Filed February 15, 1929.]

*Benjamin F. Zieg, E. H. Ireland* and *William McClain,* for appellant.

*Daniel H. Ortmeyer,* for appellees.

MARTIN, C. J.—Appellant brought this suit to compel the county board of canvassers at the general election held in Vanderburgh County in 1926 to certify (under §4, ch. 113, Acts 1905 p. 189, §7558 Burns 1926) to the clerk of the Vanderburgh Circuit Court that Joseph H. Baker was duly and legally elected as justice of the peace of Pigeon Township, (a township having more than ten voting precincts, see Acts 1905, ch. 113, §§5-11, §§7559-7565. Burns 1926). It was alleged that Baker's name and the name of Abram P. Ancker were the only names that appeared on the ballot and were voted for as candidates for the office of justice of the peace of Pigeon Township, which is located in whole or in part in the city of Evansville, Indiana; that the certificate of the board showed that Baker received 7,143 votes and Ancker received 9,587 votes, that the board certified Ancker's name as

duly elected, but refused to certify Baker's name; that, by an order of the board of county commissioners, made in 1906, and still in force, the number of justices of the peace in Pigeon Township was fixed at two.

Appellees demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, contending: (1) That the complaint failed to show any duty, the performance of which the law specifically required of them; and (2) that the complaint disclosed that Pigeon Township is located wholly within the corporate limits of a city of the State of Indiana wherein a municipal court existed, and that the number of justices of the peace in such a township was limited to one.

Acts 1925, ch. 117, §1, §1858 Burns 1926 (which was Senate Bill 188 in the General Assembly of 1925) provides that:

> "In all townships of the state, located in whole or in part within the corporate limits of any city of said state wherein municipal courts exist or may hereafter exist under the provisions of any law now in force or which may be hereafter passed, the number of justices of the peace shall be limited to one in each of such townships," etc.

The city court of the city of Evansville is a municipal court in the ordinary sense in which the word "municipal" is used (see *Miller* v. *People* [1907], 230 Ill. 65, 82 N. E. 521), and if the act just quoted from were to be considered alone and apart from other concurrent legislation, we would hold it to be applicable and conclusive against appellant's contention in the instant case. But the 1925 legislature enacted two other laws which concern courts which are denominated "municipal courts," and the word "municipal" in the first of these is used to describe, not a city court, but a specifically designated county court. This law, enacted as

Senate Bill 179, created a court of inferior jurisdiction to be called "the municipal court of ———— county" consisting of four judges, in any of the counties of the state wherein is situated an incorporated city containing a population of not less than 300,000 inhabitants according to the last preceding census of the United States, and abolishing city courts located in cities in such counties. Acts 1925, ch. 194, §§1-29, §§1724-1752 Burns 1926. (Marion County is the only county in the state which comes within this classification at the present time and the only court now existing under this act is the municipal court of Marion County.) The other law enacted as Senate Bill 189 gives parties to a civil action and defendants in a criminal prosecution before a justice of the peace in counties where municipal courts exist, the right to a change of venue to such municipal courts. Acts 1925, ch. 110, §§1, 2, §§1907, 1908 Burns 1926.

A legislative construction in one act of the meaning of certain words (although not conclusive, for the words may have been used in different senses) is entitled to consideration in construing the same words, in another act. 36 Cyc 1143.

Statutes which relate to the same thing, or to the same subject, person or object are in *pari materia* and it is presumed that such acts are imbued with the same spirit and actuated by the same policy, 36 Cyc 1151, and they should be construed together as if parts of the same act, 36 Cyc 1157, to determine their effect. *State* v. *Rockley* (1829), 2 Blackf. (Ind.) 249; *State* v. *Gerhardt* (1896) 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313; 25 R. C. L. 1060. This rule applies with peculiar force to statutes passed at the same session of the legislature—statutes contemporaneous or nearly contemporaneous. *Bishop* v. *Boyle* (1857), 9 Ind. 169, 68 Am. Dec. 615. and note; *Swinney* v. *Ft. Wayne, etc.*,

R. Co. (1877), 59 Ind. 205; *State, ex rel.*, v. *Flynn* (1903), 161 Ind. 554, 582, 69 N. E. 159; *City of New Albany* v. *Lemon* (1925), 198 Ind. 127, 149 N. E. 350; 25 R. C. L. 1062; 36 Cyc 1151.

A legislative body has the power, within reasonable limitations, to prescribe legal definitions of its own language, *State* v. *Schlenker* (1900), 112 Iowa 642, 84 N. W. 698, 84 Am. St. 360, 51 L. R. A. 347; and it may include within the concept and definition of a term ideas which may not unreasonably be included therein, though perhaps not strictly within its ordinary definition. *In re Arrigo* (1915), 98 Nebr. 134, 152 N. W. 319, L. R. A. 1917A 1116; *State* v. *American Surety Co.* (1911), 90 Nebr. 154, 91 Nebr. 22, 133 N. W. 365, Ann. Cas. 1913B 973; 25 R. C. L. 1049. The cardinal principle in construing a statute is to ascertain and give effect to the legislative intent, *Brown-Ketcham Iron Works* v. *George B. Swift Co.* (1913), 53 Ind. App. 630, 100 N. E. 860, and where, in an act it is declared that a term shall receive a certain construction, the courts are bound by that construction, though otherwise the language would be held to mean a different thing. *Smith* v. *State* (1867), 28 Ind. 321, 325; *State. ex rel.*, v. *Harrison* (1888), 116 Ind. 300, 307, 19 N. E. 146; *Arnett* v. *State, ex rel.* (1907), 168 Ind. 180, 80 N. E. 153, 8 L. R. A. (N. S.) 1192; 25 R. C. L. 1049.

Considering together the three acts above cited, which were all passed at the same session of the legislature, we conclude that the term "municipal court" in Senate Bills 188 and 189 was used in the same sense that it was used in Senate Bill 179, viz., the name of a certain county court of inferior jurisdiction in counties which contain a city of not less than 300,000 inhabitants.

The word "municipal" pertains to local self-government, similar to that of the Roman municipium. The

use of the term "municipal law" has sometimes ■ been extended so as to apply not only to the law of a city but to the law of a state, and has thus been used in contradistinction to international law; but the word "municipal" is usually used to denote a corporate administrative unit, such as a town, borough or city, as distinguished from quasi-corporations, such as county, township and school district. The use of the word "municipal" by the legislature, in naming the inferior county court created by the act of 1925, was technically inaccurate, but, having used the term and definitely described the court created under that name, the legislature will be presumed to have intended the same meaning when, at the same session, in subsequent acts, it used the same word. *County-Seat of Linn County* (1875), 15 Kans. 500, 527; *United States* v. *Twenty-four Coils of Cordage* (1832), 28 Fed. Cas. (Baldw.) 277; *State* v. *Garthwaite* (1851), 23 N. J. Law 143; 36 Cyc 1150. See, also, *Wells* v. *Newton* (1896), 101 Ga. 141; 28 S. E. 640, and *Welborne* v. *State* (1902), 114 Ga. 793, 40 S. E. 857. It follows that the city court of Evansville is not a municipal court within the meaning of Acts 1925, ch. 117, §1, §1858 Burns 1926, the court referred to in that section being the municipal court created by Acts 1925, ch. 194, §§1724-1752 Burns 1926.[1] See *Peck* v. *Powell* (1890), 62 Vt. 296, 19 Atl. 227.

---

[1] We find the term "municipal courts" used in one other law now appearing in our statutes, §11027 Burns 1926, Acts 1905, ch. 5, §1, which provides for appeals without bond "from all judgments of convictions of felonies in any of the municipal courts of this state."

By another law passed by the 1905 legislature, Acts 1905 p. 375, ch. 129, §215, §11010 Burns 1926, "the judicial power of every city of the first, second, third and fourth classes" was vested in a city court.

Acts 1901 p. 131, ch. 91, §1, providing for the election of a "municipal judge" and §3, ch. 92, Acts 1901 p. 135, providing for a "city court," the style of which should be "The Municipal Court of the City of ———," are no longer in effect. Both of these acts amended sections of ch. 115, Acts 1893, concerning cities of 35,000 to 49,000 and were applicable to Ft. Wayne only and not applicable to Evansville. See *State, ex rel.,* v. *Berghoff* (1902), 158 Ind. 349, 63 N. E. 717.

The complaint does not directly allege that there were two vacancies in the office of justice of the peace of Pigeon Township to be filled at the general election in 1926, but the court judicially knows that, under the law (§7579 Burns 1926, §1, ch. 107, Acts 1893 p. 192), justices of the peace are elected each four years after 1894, and that they were therefore to be elected in 1926, and this, together with the allegation that the Board of County Commissioners of Vanderburgh County, by an order still in effect, had fixed the number of justices of the peace in Pigeon Township at two, makes the complaint good in that respect.

We therefore conclude that appellant's complaint alleged all the facts necessary to show a duty resting upon appellees to certify his name as having been elected to the office of justice of the peace, and that the court erred in sustaining appellees' demurrer to the complaint, which action of the court was the error complained of.

The judgment is reversed, with directions to the trial court to overrule the appellees demurrer to the complaint.