HOUSER ET AL. *v.* BD. OF COMM. OF DEKALB CO., ET AL.

[No. 268S26. Filed May 20, 1969. No petition for rehearing filed.]

*Philip Butler,* Auburn, *James R. Grossman,* Fort Wayne, and *David B. Keller, Livingston, Dildine, Haynie & Yoder,* of counsel, Fort Wayne, for appellants.

*Warren G. Sunday,* Auburn, for appellee, Board of Commissioners of DeKalb County.

*Grant Van Horne,* Auburn, for appellees, DeKalb County Plan Commission and K. P. Sithen.

*Winslow Van Horne,* Auburn, for appellees, W. E. Hartung and Dorothy Hartung.

HUNTER, J.—Appellees W. E. and Dorothy Hartung are the owners of a 159 acre farm, 119 acres of which lie in Allen County, and 40 acres of which are in DeKalb County. For approximately two years prior to December 7, 1964, the DeKalb County Plan Commission had been developing a master plan for real estate in that county. This master plan was to be used by the DeKalb County Board of Commissioners as a basis for the enactment of a comprehensive zoning ordinance for the county. The ordinance, as adopted on December 21, 1964, zoned 30 acres of DeKalb County portion of the Hartung farm as "rural suburban residential" and the remain-

ing 10 acres as "open industrial". Hartungs' neighbors, the appellants herein, have instituted two separate class actions against the Hartungs, the DeKalb County Board of Commissioners, the DeKalb County Plan Commission, and the Building Commissioner; both actions seek a declaratory judgment to the effect that the ordinance, as regards the 10 acres zoned "open industrial", be declared null and void, and an injunction restraining the appellees from performing any acts under the authority of this zoning classification. Both of these actions were commenced on the same day in the same court and by the same representative parties; the case at bar was the first of these two actions in which a final judgment was rendered. The judgment denied the appellants the relief they were seeking, and they have perfected a direct appeal to this court. The sole contention of the appellants is that the decision of the trial court is not sustained by sufficient evidence and is contrary to law.

The appellants alleged that the zoning classification of "open industrial" on the ten acres here in question was brought about by an improper procedure. More specifically, appellants charge that the Plan Commission had originally recommended that all the Hartung farm be zoned "rural suburban residential", and that the change which ultimately resulted in the ten acres being zoned "open industrial" was made by a procedure which contravened the state's zoning laws. The trial court made specific findings of facts and conclusions of law, to part of which the appellants take exception on the ground that the evidence "leads to but one reasonable conclusion and the trial court has reached a contrary conclusion" (citing 2 Wiltrout, Indiana Practice, § 1768-2 at 531). Thus, a determination of the merits of the appellants' contentions requires a two-pronged examination of the judgment of the trial court:

(1) Given the facts as found by the trial court, was the procedure followed by the Plan Commission and the Board of County Commissioners compatible with the zoning laws of the State of Indiana?

(2) Is there sufficient evidence in the record to support the facts as found by the trial court?

The procedure which must be followed for the enactment and/or amendment of zoning ordinances has been specifically and expressly provided by the Indiana General Assembly. To determine whether these mandatory procedures have been followed, it is necessary to review the findings of facts as specified by the trial court along with the relevant provisions of the 1947 Planning and Zoning Act. Ind. Ann. Stat. § 53-701 to 53-795 (1964 Repl.).

After the evidence had been presented, the trial court made the following findings of fact:

"8. That on or about the 15th day of July, 1963, defendant the Board of Commissioners of the County of DeKalb, Indiana, enacted a certain Ordinance No. 63-5, a copy of which is attached to plaintiffs' complaint, marked 'Exhibit A', and made a part hereof, wherein the Board of Commissioners of the County of DeKalb, Indiana, created the DeKalb County Plan Commission for the purpose of adopting a Master Zoning Plan which, among other things, would establish the boundaries of zoning districts.

9. That pursuant to statute and the ordinance above referred to, defendant DeKalb County Plan Commission formulated, adopted, and submitted to defendant the Board of Commissioners of the County of DeKalb, Indiana, a certain Master Plan captioned 'Comprehensive Master Plan Ordinance' and proposed ordinance, a copy of which is attached to plaintiffs' complaint, marked 'Exhibit B', and made a part hereof; that by its own terms said Master Plan purported to be and is a comprehensive land-use plan for the development through zoning of the territory within the jurisdiction of the DeKalb County Plan Commission.

10. That the Master Plan and zoning maps thereto was as submitted by the DeKalb County Plan Commission to the Board of Commissioners of the County of De-Kalb, Indiana, on December 7, 1964, classified and zoned the real estate of the defendants, W. E. Hartung and Dorothy Hartung, as being wholly contained within a zoning district designated as C-RS, being identified as rural suburban residence.

11. That thereafter and before said zoning ordinance and zoning maps were approved by the Board of Commissioners pf. (sic) the County of DeKalb, said DeKalb County Plan Commission revised said zoning maps by placing the southwest quarter of the southwest quarter of the southwest quester (sic) of Section 35, Township 33 North, Range 12 East, in the C-1 Open Commercial District.

12. That thereafter, on the 21st day of December, 1964, the Board of Commissioners of the County of DeKalb adopted said zoning ordinance and said zoning maps, as revised by said DeKalb County Plan Commission."

The only irregularities which the appellants contend contravene the 1947 Act are those described in the findings of facts numbered 10 and 11. Appellants contend that the Plan Commission could not revise the Master Plan after it once was submitted by the Commission to the Board of Commissioners on December 7, 1964, except unless the plan was amended, rejected or remanded back to the Commission by the Board for further study. As expressed in the appellants' brief, "(T)his case presents the question of whether a County Plan Commission retains any authority over a Master Plan and Zoning Ordinance after it has certified them in final form to the Board of County Commissioners."

The statutes setting forth the mandatory procedure by which a master plan and zoning ordinance must be adopted provide as follows:

§ 53-737. "Prior to the adoption of a master plan, the commission shall give notice and hold a public hearing on the plan and a proposed ordinance for its enforcement.

At least ten (10) days prior to the date set for hearing, the commission shall publish in a newspaper of general circulation in the city or county a notice of the time and place of the hearing."

§ 53-738. "After a public hearing has been held, the commission may by resolution adopt the master plan and recommend the ordinance to the city council or the board of county ocmmissioners."

§ 53-739. "Upon adoption of the master plan and the recommendation of the ordinance, the secretary shall certify a copy of the plan to the city council or the board of county commissioners.

At the first council meeting after adoption of the plan the secretary or a member of the commission shall present the plan and ordinance to the city council or the board of county commissioners."

§ 53-741. "If the city council or the board of county commissioners rejects the plan and ordinance or amends it, then it shall be returned to the commission for its consideration, with a written statement of the reasons for its rejection or amendment.

The commission shall have 45 days in which to consider the rejection or amendment and report to the city council or board of county commissioners. If the commission approves the amendment, the ordinance shall stand as passed by the city council or board of county commissioners as of the date of the recording of the commission's report with the city council or the board of county commissioners. If the commission disapproves the amendment or rejection the action of the city council or the board of county commissioners on the original amendment or rejection shall stand only if confirmed by a seventy-five per centum (75%) vote of the city council or by a unanimous vote of the board of county commissioners.

In case the commission does not file a report with the city council or board of county commissioners within 45 days, the action in amending or rejecting the ordinance shall become final."

§ 53-742. "After the adoption of a master plan and ordinance, all amendments to it shall be adopted according to the procedure set forth in sections 37 through 40 (§§ 53-737—53-740), except that, if the city council or board of county commissioners desires an amendment it may direct the plan commission to prepare an amendment and submit it to public hearing within 60 days after formal written request by the city council or board of county commissioners."

The procedure contemplated by these statutes is that the County Plan Commission will prepare a master plan and certify it to the Board of Commissioners who may either adopt, amend or reject the plan. § 53-739, *supra.* Under ordinary circumstances, the Plan Commission

completely prepares and recommends the master plan, but the Board enacts it. If, after its enactment by the Board, the master plan is to be amended, the procedure to be used must be the same statutory procedure under which the original plan was adopted. § 53-742, *supra*.

The question here is how may a Plan Commission amend the master plan prior to its enactment, but subsequent to its original certification to the Board of Commissioners. We find no statute which directly deals with the procedure to be used by the Plan Commission in amending the master plan during this interval except when the proposed change is to a major street or highway plan. In that event, Ind. Ann. Stat. § 53-736 provides as follows:

> "After the commission has adopted a master plan which includes a major street or highway plan, the commission may:
>
> 1. Determine lines for new, extended, widened, or narrowed streets or highways in any portion of the city or county.
>
> 2. Certify to the city council or board of county commissioners the amended or additional plan under the same procedure as established for the certification and approval of the original plan.
>
> The making or certification of the amended or additional plan shall not constitute the opening, establishment, or acceptance of land for street or highway purposes."

The amendment involved in the case at bar did not affect the major street or highway plan; thus, the above statute is not directly applicable to the ordinance here in question. Ind. Ann. Stat. § 53-728 does give a Plan Commission broad powers in establishing their own procedures and regulating their own internal affairs, but once again, this statute does not expressly provide a procedure by which the Commission can amend the master plan subsequent to its certification to the Board of County Commissioners.

Appellants' contention is that once the master plan has been certified to the Board, the Commission which originally prepared the plan loses all jurisdiction to amend their recommendations. In the absence of a statute so restricting the Commission, we do not believe this to be a desirable result, for if a Plan Commission had second thoughts about part of their original recommendations, prior to the time the Board acts on the master plan, the Commission should be free to amend their own work product so that it accurately reflects the modified sentiments of the Commission members. Given the statutory procedure for amending a major street or highway plan and the statute conferring broad rule-making powers on the Commission, we believe the better rule is to permit the Commission to amend its master plan at any time prior to its enactment by the Board of County Commissioners.

Furthermore, we are not persuaded that this procedure deprives the persons aggrieved by such an amendment to a public hearing. The only public hearing which the Plan Commission is required to hold either by statute or by constitutional "due process" is one "prior to the adoption of a master plan." § 53-737, *supra*. The record indicates that such a hearing was held on November 16, 1964, and that notices were published in a local newspaper advising the public of the meeting. We do not believe that the statute or the constitutional proscription requires that the Plan Commission hold a second hearing in the event they amend the master plan prior to its actual enactment.

The change to be made by the Plan Commission in the case at bar called for a revision of zoning maps which had already been submitted to the Board on December 7, 1964. The trial judge found that this revision had been duly made by the Plan Commission on December 21, 1964. We hold that the Commission had the authority or "jurisdiction" to make such a change in the master plan prior to its enactment.

The only remaining question is whether there is sufficient evidence to support the findings of the trial court. If there is substantial evidence of probative value to support the findings numbered ten and eleven, the judgment of the trial court should be affirmed. We look to the evidence, not to determine its preponderance, but only to seek sufficient evidence to support these findings of the trial court. *Morrison's Southern Plaza v. Southern Plaza* (1969), 252 Ind. 109, 246 N. E. 2d 191.

A certified copy of the original minutes of a meeting of the DeKalb County Plan Commission which had been held on December 21, 1964, was introduced into evidence by the appellees. These minutes indicate that a letter from the Hartungs requesting the change in zoning classification was read and discussed during the first of two meetings which were held by the Plan Commission on that date. The minutes of the second meeting indicate that the Commission adopted several ordinances which were apparently in conjunction with the Master Plan "and the same became final instead of tentative." There is no further reference to the Hartung proposal in the original minutes of either meeting.

A certified copy of the minutes of a meeting of the Plan Commission which had been held on Feburary 15, 1967, was also introduced into evidence. In these minutes is found the following entry:

"Whereas, the Commission finds that through clerical inadvertence said minutes of December 21st., 1964, are incomplete.

Now, therefore, Be It Resolved By the DeKalb County Plan Commission, that it's (sic) minutes of December 21st., 1964, be and they hereby are amended nunc pro tunc by inserting therein the following entry:

'Meeting called to order at 11 o'clock a.m. by Acting Chairman Fitch'

'Upon motion duly made, seconded, and unanimously carried, the Zoning Ordinance and Zoning Map now pending

before the Board of Commissioners of the County of De-Kalb are hereby changed by transferring [10 acres here in question] . . . open industry zone, and the consultant is hereby directed to change said map accordingly."

The appellants contend that this amendment in the minutes was made to avoid the instant litigation and does not accurately reflect the actual events in the December 21st meeting. However, there was testimony by the Secretary of the Plan Commission that he proposed the amendment "because I felt I was Secretary and this was what had taken place at the original meeting and it was my fault and I felt ashamed for that." Furthermore, the Plan Commission unanimously adopted the Secretary's proposal that the minutes be so amended. Thus, there is sufficient evidence to support a conclusion by the trial court that the minutes, as amended, are an accurate report of the events at the December 21st Plan Commission meeting.

In the trial court, the appellants contended that no notice had been sent to the members of the Plan Commission advising them of the December 21st meeting and that therefore no legal meeting of the Commission could be held. While it is true that Ind. Ann. Stat. § 53-718 (1964 Repl.) provides that a two day written notice must be given in advance of a special meeting, this same statute also provides: "Written notice of a special meeting is not required if . . . all members are present at the special meeting." The original minutes of the December 21st meeting indicate that all members of the Commission were present except one member who "called and would be unable to attend meeting." The judge found that because "a member called in that he could not be there would indicate that some notice was given." We believe this is a reasonable inference to be drawn from the evidence especially in view of the fact that everyone else actually attended the meeting.

We have determined that there is sufficient evidence to support a finding that the Plan Commission did meet and

amend the Master Plan on December 21, 1964. The minutes of the Board of Commissioners indicate that the Master Plan was adopted, as amended, on this same date and that the Board was well aware of the amendment which had been previously made by the Plan Commission. Thus, we find ample evidence in the record to support the findings of the trial court.

For all the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

DeBruler, C. J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 247 N. E. 2d 670.