ALLEN ABRAMS, LEONARD THOMAS, JACK ISENBARGER, INDIVIDUALLY AND AS MEMBERS OF THE BOARD OF COMMISSIONERS OF THE COUNTY OF DELAWARE, ET AL. *v.* ROLFE LEGBANDT, AS REPRESENTATIVE OF THE RESIDENTS OF TIMBER LANE.

[No. 2-1272A127. Filed June 13, 1974.]

*Frank E. Spencer,* of Indianapolis, *Wayne J. Lennington,* of Muncie, *Charles R. Clark,* of Muncie, *William G. Bruns,* of Muncie, for appellants.

*Jack Quirk,* of Muncie, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendants-Appellants Allen Abrams, Leonard Thomas, and Jack Isenbarger, Individually and as Members of the Board of Commissioners of the County of Delaware (Board of Commissioners), appeal from the granting of a permanent injunction prohibiting the enforcement of an ordinance it enacted which rezoned certain tracts of land in which Plaintiff-Appellee Rolfe Legbandt, and others (Legbandt), resided, who claims exclusive authority over planning and zoning rested with the Delaware-Muncie Metropolitan Plan Commission.

We reverse.

## FACTS

The parties stipulated the facts, the most pertinent of which are:

On August 17, 1972, McKinley, Inc. filed a Petition with the Delaware-Muncie Metropolitan Plan Commission (Plan Commission) to have certain real estate zoned from Residential R-3 to Commercial C-1. On September 7, 1972, the Plan Commission held a public hearing to consider the Petition for the change in zoning, and voted five to one against the Petition with one member abstaining.

On September 11, 1972, Legbandt appeared before the Board of Commissioners to protest McKinley, Inc.'s Petition for Rezoning and was informed that a public hearing would be held at a subsequent date to more fully consider the Petition.

On September 18, 1972, without further public hearing on the matter, the Board of Commissioners passed by a unanimous vote an amendment to the Zoning Ordinance, reclassifying the real estate in question from Residential R-3 to Commercial C-1.

On October 4, 1972, Legbandt filed a Complaint in the Delaware Circuit Court seeking Temporary and Permanent Injunction against the enforcement of the amendment to the Zoning Ordinance. Hearing on the Temporary Injunction, was held on October 31, 1972, which resulted in the granting of a Permanent Injunction against the Board from enforcing the amended Zoning Ordinance.

## ISSUE

The only issue[1] necessary to our disposition of this case is: Does the Metropolitan Plan Commission Act (IC 1971, 18-7-3-1 *et seq.*, Ind. Ann. Stat. §§ *53-801 et seq.* (Burns Supp. 1973)) grant the Plan Commission exclusive county-wide authority over planning and zoning, thereby depriving the Board of Commissioners of its power to legislate in the area of planning and zoning?

The Board of Commissioners contends that Ind. Ann. Stat. §§ *53-806, 53-807* grants to the Board of Commissioners all legislative power to enact zoning ordinances and limits the Metropolitan Plan Commission to acting in an advisory capacity only.

Legbandt interprets Ind. Ann. Stat. §§ *53-802* and *53-808a*[2] as vesting in the Plan Commission exclusive county-wide

1. The Board of Commissioners raises other specifications of error. Reversal on one specification precludes the necessity of considering others. *Cook* v. *American States Insurance Co.* (1971), 150 Ind. App. 88, 275 N.E.2d 832, 841.

2. At the time of this litigation § *53-808a* had not yet been amended by Acts 1973, P.L. 186.

authority and jurisdiction in all planning and zoning functions.

## DECISION

CONCLUSION—It is our opinion that the Metropolitan Planning Commission Act, § *53-801 et seq.*, does not grant to the Plan Commission exclusive county-wide authority over planning and zoning so as to deprive the Board of Commissioners of its power to legislate in the area of planning and zoning.

The essence of this controversy is whether the legislative power of the Board of Commissioners to enact or amend zoning ordinances has been terminated by statutory enactment so as to lodge that power in the Plan Commission. With no applicable Indiana case law to guide us, we turn to the pertinent legislative enactments.

The powers and duties of Boards of County Commissioners are set forth generally in IC 1971, 17-1-14-11, Ind. Ann. Stat. § *26-620* (Burns Supp. 1973), the pertinent part of which is:

"*26-620* [IC 17-1-14-11]. Power and duties.—Such commissioners in their respective counties shall have power at their meetings:

(1) To make orders respecting the property of the county in conformity to law. . . .,

\* \* \*

(4) To perform all other duties which may be enjoined on them by any law of this state."
[1 R. S. 1852, ch. 20, § 13, p. 224; Acts 1935, ch. 7, § 1, p. 59; 1951, ch. 51, § 1, p. 123; 1971, P. L. 229, § 1, p. 909.]

Legislative authority to enact zoning ordinances is specifically bestowed upon Boards of County Commissioners by IC 1971, 18-7-5-58, Ind. Ann. Stat. § *53-756* (Burns Supp. 1973):

"53-756. Certain powers of the city council or board of county commissioners.—*As an integral part of the planning of areas* so that adequate light, air, convenience of access, and safety from fire, flood and other danger may be secured; that congestion in the public streets may be lessened or avoided; that the public health, safety, comfort, morals,

convenience and general public welfare may be promoted; and that the object of this legislation, as set out in section 1 [§ 53-701] of this act, may be further accomplished, the city council or *the board of county commissioners shall have the following powers:*

3. *To regulate and determine the use and intensity of use of land* and lot areas.

4. *To classify, regulate and restrict the location of trades, calling, industries, commercial enterprises and the location of buildings designed for specified uses.*

5. *To classify and designate* the *rural lands* amongst agricultural, industrial, commercial, residential, and other uses and purposes." (Emphasis supplied.) [Acts 1947, ch. 174, § 56, p. 571; 1951, ch. 297, § 1, p. 983.] *See also, First Church of the Nazarene* v. *Weaver* (1972), 154 Ind. App. 157, 289 N.E.2d 155.

The Planning and Zoning Act of 1947, IC 1971, 18-7-5-1, *et seq.* Ind. Ann. Stat. § *53-701 et seq.* (Burns Supp. 1973), sets forth the powers and duties of County Plan Commissions and Boards of County Commissioners.

Sec. *53-701* authorizes Boards of County Commissioners to adopt an ordinance creating County Plan Commissions, which then serve in an "advisory capacity to presently established boards."

"53-701. Plan commission for city, town and county—Creation—Objectives—Duties and powers.—Each city council, each town board of trustees and *each board of county commissioners in the state may by ordinance create a plan commission* in order to promote the orderly development of its governmental units and its environs.

\* \* \*

"In accomplishing this objective, *it is the intent of this legislation that the plan commission shall serve in an advisory capacity* to presently established boards and officials . . ." (Emphasis supplied.) [Acts 1947, ch. 174, § 1, p. 571; 1963, ch. 125, § 1, p. 111.]

Part of the same Act is IC 1971, 18-7-5-28, Ind. Ann. Stat. § *53-728* (Burns Supp. 1973) which specifically enumerates the powers and duties of the County Plan Commission:

"53-728. Powers and duties of plan commissions.—To effectuate the purposes of this act [§§ 53-701—53-795], the commission shall have the power and duty to:

\* \* \*

"6. *Make recommendations* and an annual report *to* the mayor and council or *the board of county commissioners* and the county council *concerning* the operation of the commission and *the status of planning within its jurisdiction.*" (Our emphasis.) [Acts 1947, ch. 174, § 28, p. 571.]

So neither § *53-701* nor § *53-728* derogates from the legislative authority of the Board of Commissioners to enact or amend zoning ordinances.

Another section of the Planning and Zoning Act of 1947 is IC 1971, 18-7-5-67, Ind. Ann. Stat. § *53-765* (Burns Supp. 1973) which contemplates "final action" be taken by Boards of County Commissioners when it becomes necessary to amend, supplement, or repeal existing zoning regulations within the Master Plan:

"53-765. Procedure in amending, supplementing and changing—Vote required where commission is adverse.—Amendments, supplements or changes of the regulations of the zoning ordinance shall be considered as amendments to the master plan. Any proposed ordinance for the amendment, supplement, change or repeal of the zoning ordinance not originating from petition of the plan commission shall be *referred to the plan commission for consideration and report before any final action is taken by the city council or the board of county commissioners.*

"Prior to the submission to the city council or the board of county commissioners of a plan commission petition or a report on a proposed ordinance referred to it for an amendment, supplement, change or repeal of the zoning ordinance the plan commission shall give notice and hold a public hearing in the manner prescribed for adoption of a master plan in section 37 [§ 53-737] of this act.

"*In the event the report of the plan commission is adverse to a proposed ordinance referred to it, the ordinance shall not be passed except by an affirmative vote of at least seventy-five per centum [75%] of the members of the city council or a unanimous affirmative vote of the board of*

*county commissioners."* (Our emphasis.) [Acts 1947, ch. 174, § 64, p. 571; 1961, ch. 133, § 1, p. 288.]

This section *(53-765)* reaffirms the legislative authority of Boards of County Commissioners and specifically restricts Plan Commissions to investigations, recommendations and reporting. The cases have so interpreted *53-765:*

> "Amendments to the master [zoning] plan are made as a result of preliminary investigation [by the city or county plan commission] and final adoption of the city council [or board of county commissioners]. . . . Acts of 1947, Chapter 174, §§ 42, 62-4; Burns' 1951 Replacement, §§ 53-742, 53-763, 53-765. And the legislative intent is clear that where any considerable change is to be made, it must be made by ordinance." *Antrim* v. *Hohlt* (1952), 122 Ind. App. 681, at 687, 108 N.E.2d 197, at 199. *See also: Houser* v. *Board of Commissioners* (1969), 252 Ind. 301, 247 N.E.2d 670; *Krimendahl* v. *Common Council of Noblesville* (1971), 256 Ind. 191, 267 N.E.2d 547.

The next significant statutory development was the introduction of the concept of a Metropolitan Plan Commission in 1961. The Metropolitan Plan Commission Act enacted in that year depicts the powers, functions and duties of Metropolitan Plan Commissions in terms of those *already assigned* to existing County Plan Commissions in the Planning and Zoning Act of 1947:

> "53-807. Powers, functions and duties of commission.— *The powers, functions and duties of the metropolitan plan commission shall include those commonly assigned to* the city plan commission and *the county plan commission by the existing laws of the state of Indiana* except as expressly stated otherwise in this act [§§ 53-801—53-810]. The staff of the metropolitan plan commission shall serve without additional compensation as the staff for the metropolitan board of zoning appeals, hereinafter provided for." IC 1971, 18-7-3-8, Ind. Ann. Stat. § *53-807* (Burns Supp. 1973). (Emphasis supplied.) [Acts 1953, ch. 258, § 7, p. 929; 1961, ch. 114, § 5, p. 217.]

This Section has the effect of leaving Metropolitan Plan Commissions with the same advisory power previously possessed and Boards of County Commissioners with their legislative authority intact.

Indeed, one part of the Metropolitan Plan Commission Act of 1961 specifically states that such Commissions are to serve in an advisory capacity to the Board of County Commissioners, i.e., IC 1971, 18-7-3-7, Ind. Ann. Stat. §-*53-806* (Burns Supp. 1973):

"53-806. Commission to serve in advisory capacity.—*The metropolitan plan commission shall serve in an advisory capacity to the presently established boards* and officials of the city and the county. These *recommendations of the metropolitan plan commission, requiring legislative action before becoming effective, shall be referred for action to that legislative body having jurisdiction of the subject recommendations.* [Acts 1953, ch. 258, § 6, p. 929.]" (Our emphasis.)

Again this Section *(53-806)* repeats the established statutory scheme from the beginning that Plan Commissions are advisory and merely submit their recommendations to the "Legislative body having jurisdiction . . ."

In the face of this somewhat overpowering expression of legislative intent Legbandt fastens his hopes on two sections of the Metropolitan Plan Commission Act of 1961.

The first is § *53-802:*

"53-802. Creation by ordinance.—A metropolitan plan commission may be created by ordinances of the city council and the board of county commissioners: Provided, That the ordinance be identical with a similar ordinance which has been previously adopted by the other participating legislative body. These identical ordinances creating the plan commission shall specify the legal name of the plan commission. Such metropolitan plan commission, when created, *shall be a unit of county government with countywide jurisdiction.* [Acts 1953, ch. 258, § 2, p. 929; 1961, ch. 114, § 1, p. 217.]" (Emphasis supplied.)

It merely provides that a Metropolitan Plan Commission is created by the Board of County Commissioners (the legislative body within the County) in conjunction with the city council and recognizes the new creature as a unit of county government.

The second section of the Metropolitan Plan Commission Act of 1961 on which Legbandt relies is *53-808a:*

"53-808a. Commission supersedes planning and zoning function of city and county—Board of zoning appeals.—Whenever a metropolitan plan commission has been created in accordance with the provisions of this act [§§ 53-801—53-810] *the separate planning and zoning functions of the city and county shall cease and thereafter such functions shall be exercised exclusively by the metropolitan plan commission.*" (Emphasis supplied.) [Acts 1953, ch. 258, § 8a, as added by Acts 1961, ch. 114, § 10, p. 217.]

It is this section which lends whatever credence there may be to Legbandt's argument because it somewhat ambiguously refers to "the separate planning and zoning functions" as thereafter being "exercised exclusively by the Metropolitan Plan Commission."

Pointing to both these sections *(53-802* and *53-808a)* Legbandt would mould the legislative intent[3] as having the dual purpose of creating a new unit of county government to exercise exclusive control over the planning and zoning functions within the county and further to act in an advisory capacity to established boards and officials.

It is not so easily moulded because the legislative intent retaining the legislative power over planning and zoning in Boards of County Commissioners is consistently and repeatedly expressed from the inception of zoning legislation to and including the Metropolitan Plan Commission Act of 1961. There is no specific language granting a Metropolitan Plan Commission legislative authority, and reading all the existing statutes on this subject together we can only conclude that the legislature intended that Metropolitan Planning Commissions have broad powers as to zoning and planning but *not* the power to legislate.

Any language in Sections *53-802* or *53-808a* which might be construed as vesting legislative power in Metropolitan Plan Commissions is merely a muddy patch of ambiguity in an otherwise clear sea of statutory intent.

---

3. Without benefit of legal authority.

Case law reflects the same conclusion, *Weaver, Krimendahl, Houser* and *Antrim* decisions, *supra*.

We recall that, "The cardinal rule in construing a statute is to ascertain and give effect to the legislative intent. . . ." *State ex rel Baker* v. *Grange* (1929), 200 Ind. 506, 510, 165 N.E. 239, 240.

Nor can the Legislative intent be ascertained by taking words on a selective basis from various portions of a statute and implying to these words special meaning out of context from the remainder of the statute:

> "It is the duty of the courts to execute all laws according to their true intent and meaning; *that intent, when collected from the whole and every part of a statute, must prevail, even over the literal import of terms, and control the strict letter of the law,* where the latter would lead to possible injustice and contradictions. Smith Com. Con. Constr. 662; 1 Kent Com. 462.

> "It was held by this court, in *Miller* v. *The Board, etc.,* 29 Ind. 75, that 'in the construction of statutes, we must look to the intention of the legislature; and it is a well settled rule, that *where any cause of doubt arises, although apparently the doubt attaches only to a particular clause, the whole statute is to be taken together, and to be examined, to arrive at the legislative intent.*" (Emphasis supplied.) *Bash, et al.* v. *Evans* (1872), 40 Ind. 256, 260. *See also, Garvin* v. *Chadwick Realty Corp.* (1937), 212 Ind. 499, 9 N.E.2d 268; 26 I.L.E. Statutes § 123.

Any suggestion that the Metropolitan Plan Commission Act as originally enacted in 1953 impliedly reverses the Planning and Zoning Act of 1947 as to the legislative authority of Boards of County Commissioners cannot withstand scrutiny. Legislative intent to impliedly repeal portions of a prior Act by a subsequent Act cannot be inferred from silence in the latter.

Neither *53-802* nor *53-808a* specifically grants legislative power over planning and zoning to Metropolitan Plan Commissions. Justice Hunter emphasized the strength of this presumption in *Morgan County R.E.M. Corp.* v. *Indianapolis P. & L. Co.* (1973), 261 Ind. 323, 327, 302 N.E.2d 776, 778:

"... *there is a strong presumption that the Legislature in enacting a particular piece of legislation is aware of existing statutes on the same subject.* McClarnon et al. v. Stage, Executor et al. (1939), 215 Ind. 157, 19 N.E.2d 252. If the Legislature did not intend that § 55-4418a apply to the annexation of non-contiguous land parcels, it had merely to so state. No such intent should be inferred from its silence on the matter. . . ." (Our emphasis.)

The strong presumption is that the Legislature was aware of the already existing Planning and Zoning Act, passed five years prior to the enactment of the Metropolitan Plan Commission Act, and it is presumed that any intended repeal by the latter of the former would have been specifically set forth in the latter.

Clarifying its intent, if clarification was needed, the Indiana General Assembly amended 53-808a, so that it now reads:

"53-808a ¶ IC 18-7-3-11 ¶. Commission supersedes planning and zoning function of city and county plan commissions—Board of zoning appeals.—Whenever a metropolitan plan commission has been created in accordance with the provisions of this chapter [§§ 53-801—53-810] the *separate planning and zoning functions of the city or county plan commissions which have been superseded by said metropolitan plan commission shall cease and those advisory functions shall be exercised exclusively by the metropolitan plan commission.*" (Emphasis supplied.) [Acts 1953, ch. 258, § 8, p. 929; 1961, ch. 114, § 7, p. 217; 1965, ch. 97, § 2, p. 142.]

This amendment indicates that it was the zoning and planning functions of the replaced city and county Plan Commissions that were to cease upon the creation of a Metropolitan Plan Commission, not the legislative powers of Boards of County Commissioners.

The preamble of Acts 1973, P.L. 186, which amended 53-808a, bears this out:

"Preamble. Acts 1973, P.L. 186, contained a preamble which read: 'Whereas, a question has arisen concerning the respective functions of the metropolitan plan commission and the elected legislative bodies, namely, the board of county commissioners and the city council, and

'Whereas, IC 1971, 18-7-3-11 is hereby amended to clarify the original legislative intent and to further clarify the meaning of the present law;

'Now Therefore, said IC 1971, 18-7-8-11 is amended to read as follows so as to clearly express the meaning of the law as it has already existed.'"

It necessarily follows that the legislative power of Boards of County Commissioners remains undiminished, and the judgment of the trial court permanently restraining the Board of County Commissioners should be, and it hereby is, reversed, and the cause is remanded to the trial court with directions to dissolve the permanent injunction entered against the Board of County Commissioners of the County of Delaware, and for further proceedings not inconsistent herewith.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 312 N.E.2d 113.