**NORTHWEST INDIANA EDUCATION ASSOCIATION, et al., Plaintiffs-Appellants,**

v.

**SCHOOL CITY OF HOBART, et al., Defendants-Appellees.**

No. 3-685A162.

Court of Appeals of Indiana, Third District.

Feb. 11, 1987.

Richard J. Darko, Janet C. Knapp, Tabbert & Capehart, Indianapolis, Samuel J. Goodman, Goldsmith, Goodman, Ball & Van Bokkelen, Highland, for plaintiffs-appellants.

Steven R. Crist, Singleton, Levy, Crist & Johnson, Highland, Peter Georges, Abbott, Rund, Small & Georges, Indianapolis, Charles A. Stoner, Addison, Stoner, Stiles & Katich, Merrillville, for defendants-appellees.

GARRARD, Presiding Judge.

This case arises under the Certificated Educational Employee Bargaining Act, IC 20-7.5-1-1 et seq. The question presented is whether an organization representing certificated employees (teachers) is eligible to serve as an exclusive bargaining agent if its members are from two or more (here three) school corporations. Stated conversely, does the Act limit the rights of serving as exclusive representative to employee organizations which represent only the teachers employed by a single school corporation?

The Indiana Education Employment Relations Board (IEERB) ruled Northwest Indiana Education Association (NIEA) ineligible for election and certification as exclusive bargaining agent for teachers in the separate school corporations of Hobart, Highland and Munster. Upon judicial review, the trial court affirmed.

We commence our own review with three observations concerning matters not involved in this litigation.

We are not concerned with a teacher's right of association. We are dealing only with a statutorily imposed duty to recognize an organization as an exclusive representative for a statutory duty to bargain collectively. *See, e.g., Michigan City Area Schools v. Siddall* (1981), Ind.App., 427 N.E.2d 464.

Secondly, we are not here concerned with a question of multi-employer bargaining units. No such claim has been asserted and, factually, NIEA sought three separate representation elections in three separate bargaining units, each consisting of the certificated employees of one of the three school cities whose employees it claims to represent.

Thirdly, at least implicitly through their arguments, the parties have conceded that the question presented is one of law in the proper interpretation of the statute. That is to say the issue is neither fact sensitive nor a question of the discretionary power of IEERB. The question is whether the *statute* prohibits certification of an organization as exclusive representative for collective bargaining if that organization represents teachers employed by two or more school corporations.

The operational sections of the Act do not appear to directly support IEERB's interpretation. IC 20–7.5–1–3 entitled "Duty to Bargain Collectively and Discuss" imposes the right and duty to bargain upon "school employers and school employees." IC 20–7.5–1–6 entitled "Rights of School Employees and School Employers" simply provides that school employees have the right to form, join or assist "employee organizations" and participate in bargaining with school employers "through representatives of their own choosing." IC 20–7.5–1–10 entitled "Unit Determination and Selection of the Exclusive Representative," provides the basis for determining an appropriate bargaining unit and the basis for an employer to voluntarily recognize an exclusive representative or for one to be determined by an election. It does not, however, address who may serve as representative.

The school corporations argue, however, that the limitation imposed by IEERB necessarily follows when the definitions supplied in IC 20–7.5–1–2 are correctly applied. They refer specifically to the definitions supplied by the legislature for "school corporation," "school employee" and "school employee organization." They also urge that their interpretation is supported by the legislative purpose as set forth in Section 1 of the Act.

 We agree that the legislature may define the terms employed and that legislative definitions are controlling. *See, e.g., State v. Grange* (1929), 200 Ind. 506, 165 N.E. 239.

IC 20–7.5–1–2 provides the following pertinent definitions:

"(c) 'school employer' means the governing body of each school corporation and any person or persons authorized to act for the governing body of the school employer in dealing with its employees.

\* \* \* \* \* \*

(e) 'school employee' means any full-time certificated person in the employment of the school employer. A school employee shall be considered full-time even though he does not work during school vacation periods, and accordingly works less than a full year. There shall be excluded from the meaning of school employee supervisors, confidential employees, employees performing security work and non-certificated employees.

\* \* \* \* \* \*

(k) 'school employee organization' means any organization which has school employees as members and one of whose primary purposes is representing school employees in dealing with their school employer, and includes any person or persons authorized to act on behalf of such organizations.

"(*l*) 'exclusive representative' means the school employee organization which has been certified for the purposes of this chapter by the board or recognized by a school employer as the exclusive representative of the employees in an appropriate unit as provided in Section 10 of this chapter, or the person or persons duly authorized to act on behalf of such representative."

NIEA urges that nothing therein or in the rest of the Act precludes it from serving as exclusive representative for teachers in more than one school corporation.

■ The school argues these definitions do.[1] It contends that use of the article "the" preceding "school employer" in the definition of school employee necessarily limits a "school employee organization" to an organization representing only the teachers employed by one (the) school corporation. We disagree.

Under the Act an "exclusive representative" is a school employee organization which has been certified or recognized as provided in the Act.

A "school employee organization" in turn is *any* organization which (1) has school employees as members, and (2) one of whose primary purposes is representing school employees in dealing with their school employer. There is no limiting language in this definition which appears to restrict a school employee organization to having only the school employees of a single school corporation for its membership.

Subsection (e) does define school employee as any full-time certificated person in the employment of *the* school employer but that appears to have been occasioned, or made appropriate, by the duty to bargain collectively imposed by Section 3 on a school corporation and its full-time certificated employees. In other words, the bargaining duty exists between the governing body of each school corporation and its full-time certificated employees.

The separate question of who may serve as representative of those employees is governed by the definition of school employee organization which requires merely *any* organization which has school employees as members and *a* primary purpose of bargaining for them.

Our analysis is reinforced by the ease with which the drafters of the Act could have explicitly limited exclusive representatives to organizations representing the employees of one single school corporation had that been the desire of the legislature. Indeed in 1957 when our legislature addressed the rights of employees in the private sector to select bargaining agents, it expressly limited the statutory grant to organizing into a *local* union or association. IC 22–7–1–2; *Peters v. Poor Sisters of Saint Seraph* (1971), 148 Ind.App. 453, 267 N.E.2d 558.

Furthermore, we find nothing in Section 1 of the Act declaring the legislative purpose which may be fairly construed as expressing a desire to limit exclusive bargaining representatives to organizations representing the teachers of no more than a single school corporation.[2] The legislative purpose in differentiating between school

---

1. Part of the school's argument is premised on a misquotation of the definition of "school employee organization." It quotes the definition as referring to "any organization which has *such* school employees as members...." Were the statute so worded the school's argument would be more plausible, but the word "such" is not there.

2. "20–7.5–1–1 Legislative intent.—The Indiana general assembly hereby declares that:

(a) The citizens of Indiana have a fundamental interest in the development of harmonious and cooperative relationships between school corporations and their certificated employees;

(b) Recognition by school employers of the right of school employees to organize, and acceptance of the principle and procedure of collective bargaining between school employers and school employee organizations, can alleviate various forms of strife and unrest;

(c) The state has a basic obligation to protect the public by attempting to prevent any material interference with the normal public school educational process;

(d) The relationship between school corporation employers and certificated school employees is not comparable to the relationship between private employers and employees among others for the following reasons: (i) a public school corporation is not operated for profit but to insure the citizens of the state rights guaranteed them by the Indiana state constitution; (ii) the obligation to educate children and the methods by which such education is effected will change rapidly with increasing technology, the needs of an advancing civilization and requirements for substantial educational innovation; (iii) the Indiana general assembly has delegated the discretion to carry out this changing and innovative educational function to the local governing bodies of school corporations, composed of citizens elected or appointed under applicable law, a delegation which these bodies may not and should not bargain away; and (iv) public school corporations have different obligations with respect to certificated school employees under constitutional and statutory requirements than private employers have to their employees."

systems and private sector bargaining is reflected in the provisions of the Act dividing mandatory subjects for bargaining from subjects for discussion wherein the school corporation retains discretion. *Anderson Fed. of Teachers, etc. v. Alexander* (1981), Ind.App., 416 N.E.2d 1327.

Finally,[3] the school argues that NIEA's by-laws establish a board of directors consisting of two members from each school corporation it represents. It points out that the teachers employed by a particular school corporation may not vote to ratify a collective bargaining agreement unless two-thirds of the board of directors have first approved the agreement. Thus, it argues that the board members, for example, from Munster and Highland could effectively deny Hobart teachers the opportunity to ratify an agreement even though the Hobart directors favored it.

While this argument should be considered and may well prove persuasive in a teacher's determination of whether he or she wishes to be represented by NIEA, we find it to be beside the point on the question of whether NIEA is eligible to participate in an election.

The judgment is reversed and the trial court is directed to remand this case to IEERB for further proceedings consistent herewith.

CONOVER, P.J., and HOFFMAN, J., concur.

---

**3.** NIEA has also referred us to an IEERB decision wherein the board recognized a similar school employee organization as exclusive representative in Porter County. The school argues that case is distinguishable since it involved voluntary recognition by the school corporations. While we do not find the basis for recog-

nition controlling upon the question of who is eligible under the Act to serve as a school employee organization, we agree that IEERB did not purport to consider the question in the Porter County cases. We therefore find little persuasive effect in the Porter County case.