Ronald HOUSE, Appellant
(Plaintiff Below),

v.

D.P.D., INC., Appellee
(Defendant Below).

No. 79A02–8706–CV–249.

Court of Appeals of Indiana,
Second District.

March 9, 1988.

⚖➾547

Wade R. Nichols, Lafayette, for appellant.

George J. Heid, Cynthia L. Garwood, Schultz, Evan, Burns & Heid, Lafayette, for appellee.

SHIELDS, Presiding Judge.

Ronald J. House appeals the dismissal of his negligence claim against D.P.D., Inc. We affirm.

## ISSUE

Whether the Industrial Board has exclusive jurisdiction to hear an employee's claim against his employer alleging a noise-induced hearing loss arising out of and in the course of his employment.

## FACTS

House initiated this negligence action against D.P.D. for damages in the Tippecanoe Circuit Court. In his complaint House alleged that while employed by D.P.D. as a truck driver and crane operator he was exposed to negligently-caused excessive noise from truck engines which impaired his hearing. On motion by D.P.D. the trial court dismissed his complaint for lack of subject matter jurisdiction. House appeals this dismissal.

Prior to commencing this action, House had filed an application for compensation with the Industrial Board under the Indiana Occupational Diseases Act, IC 22–3–7–1 *et seq.* (Burns 1986). The Board hearing judge ruled against House, "[t]here being no showing [House] has suffered ... a disablement as defined in the ... Act...." Record at 38.

## DISCUSSION

House argues that because his hearing loss is not a "disablement" the exclusivity provision of the Indiana Occupational Diseases Act does not preclude a common law action against D.P.D. for negligence. D.P.D. argues that House's claim is an employee claim for compensation for accidental personal injury or for disablement by occupational disease arising out of, and in the course of, his employment. Therefore, he must seek his exclusive remedy before the Industrial Board.

Under IC 22–3–1–3(b)(1) (Burns 1986), the Industrial Board of Indiana is authorized "[t]o hear, determine, and review all claims for compensation under IC 22–3–2, Indiana Workmen's Compensation Act, through IC 22–3–7, Indiana Workmen's Occupational Diseases Act." The Indiana Occupational Diseases Act provides a remedy for "disablement or death by occupational disease arising out of and in the course of the employment," IC 22–3–7–2, and excludes "all other rights and remedies ... at common law or otherwise, on account of such disablement or death," IC 22–3–7–6. The Indiana Workmen's Compensation Act provides a remedy for "personal injury or death by accident arising out of and in the course of employment," IC 22–3–2–2. As with the Occupational Diseases Act, the Workmen's Compensation Act is the exclusive remedy for such injury or death, except for compensation available to victims of violent crime. Thus, if House's claim falls within the provisions of either Act, his civil action is abrogated.

■ A claim falls within the purview of the Workmen's Compensation Act if it is for:

1. a personal injury or death by accident;

2. arising out of employment; and

3. arising in the course of employment. *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 973.

■ A claim falls within the purview of the Occupational Disease Act if the employee has suffered:

1. an occupational disease and

2. "disablement" or death.

By definition, an occupational disease is a disease "arising out of and in the course of employment...." IC 22–3–7–10(a). It is conceded that House's hearing impairment arose out of and in the course of his employment with D.P.D. but the Industrial Board hearing judge determined House failed to show he suffered disablement. Thus, his injury does not fall within the purview of the Occupational Diseases Act and House is not excluded by that Act from his common law rights and remedies. *See Evans*, 491 N.E.2d at 972. However, that determination does not end our inquiry. The question then becomes whether his hearing loss is a personal injury by accident within the purview of the Workmen's Compensation Act. " 'Injury ... by accident,' as used in the workmen's compensation laws, means unexpected injury ... To the extent this clarification is inconsistent with prior holdings, they are overruled." *Evans*, 491 N.E.2d 975. From *Evans*, we conclude that, excepting the question of accidental versus intentional injury, the resolution of the question is found in causation. If there is a causal connection between the injury and employment, the injury falls within the purview of the Workmen's Compensation Act. House's claim meets this criteria. Consequently, the trial court properly sustained D.P.D.'s motion to dismiss for want of subject matter jurisdiction.

Judgment affirmed.

RATLIFF, C.J., and BUCHANAN, J., concur.