David H. SPAULDING and Daniel J. Kois, Appellants,

v.

INTERNATIONAL BAKERS SERVICES, INC. and the Full Industrial Board of Indiana, Appellees.

No. 93A02–8806–EX–230.

Court of Appeals of Indiana, Third District.

Dec. 27, 1988.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, Robert F. Gonderman, Sr., Gonderman Law Offices, P.C., South Bend, for appellants.

Paul E. Becher, Barnes & Thornburg, Elkhart, for appellee Intern. Bakers Services, Inc.

HOFFMAN, Judge.

Appellants David H. Spaulding and Daniel J. Kois appeal a ruling of the Industrial Board. Spaulding and Kois suffered a compensable occupational disease arising out of and in the course of their employment with International Bakers Service. Appellants were exposed to an unknown substance which caused obstructive airway disease. The industrial disease permanently reduced the lung capacities of Spaulding and Kois forcing them to discontinue their employment with International Bakers Service. Because of the disease and its effects, the appellants were unable to earn full wages at the work in which they were engaged at International Bakers Service or equal wages in other suitable employment.

The sole issue presented is whether the Industrial Board erred in the following:

"The undersigned does conclude that the standard for assessing permanent total disability under the Occupational Disease Act is similar to the standard to be applied under the Workmen's Compensation Act and that therefore based on the evidence as to plaintiffs' capabilities herein, the plaintiffs have failed to demonstrate that they are permanently totally disabled within the meaning of the Occupational Disease Act."

Where there is a conflict between statutes, the more recent statute is controlling and a specific provision prevails over a general provision relating to the same subject matter. *Houtchens et al. v. Lane* (1965), 246 Ind. 540, 545, 206 N.E.2d 131, 134.

The legislature enacted the Worker's Compensation Law in 1929. The Worker's

Compensation Act does not define disablement or disability. The terms have been judicially applied.

The term "disability" is a word of art under the worker's compensation statute. It means and refers to the inability to work. To establish a permanent total disability, the worker is required to prove he or she "cannot carry on reasonable types of employment." The "reasonableness of the workman's opportunities are to be assessed by his physical and mental fitness for them and by their availability." *Rork v. Szabo Foods* (1982), Ind., 439 N.E.2d 1338, 1343. *See also,* Small *Workmen's Compensation Law of Indiana* § 9.4 p. 244 (1950). The legislature enacted the Occupational Diseases Law in 1937. A claim falls within the purview of the Occupational Diseases Act if the employee has suffered an occupational disease and "disablement" or death. *House v. D.P.D., Inc.* (1988), Ind. App., 519 N.E.2d 1274, 1275–1276.

Disablement and disability are defined in the Occupational Diseases Act:

"(e) As used in this chapter, 'disablement' means the event of becoming disabled from earning full wages at the work in which the employee was engaged when last exposed to the hazards of the occupational disease by the employer from whom he claims compensation or equal wages in other suitable employment, and 'disability' means the state of being so incapacitated."

IND.CODE § 22–3–7–9(e) (1988 Ed.)

The legislature may define the terms employed and legislative definitions are controlling. *N.W. Indiana Educ. v. Sch. City of Hobart* (1987), Ind.App., 503 N.E.2d 920, 921. Where words are used in one place in the act, they will be construed as used in the same sense at other places in the Act, unless the clear context of the statute requires a different meaning. *Indiana Telephone Ass'n v. Public Service Com'n.* (1985), Ind.App., 477 N.E.2d 911, 913.

The Industrial Board erred when it found that the standard applied for assessing permanent total disability under the Occupational Diseases Act is similar to the standard applied under the Worker's Compensation Act. The Occupational Diseases Act specifically defines the terms "disablement" and "disability." The Worker's Compensation Act does not. The wording of the statute indicates that the legislature intended the definitions of disablement and disability to be used throughout the Occupational Diseases Act. The definitions in IND.CODE § 22–3–7–9(e) (1988 Ed.) should be applied in determining whether Spaulding and Kois are entitled to total permanent disability benefits under IND.CODE § 22–3–7–16(d)(4) (1988 Ed.).

REVERSED.

GARRARD, P.J., and NEAL, J., concur.